Jordanna G. Thigpen (SBN 232642)
**THIGPEN LEGAL, P.C.**
9465 Wilshire Blvd. Suite 300
Beverly Hills, CA 90212
Tel: (310) 210-7491
Fax: (310) 362-0456
Email: jt@thigpenlegal.com

Benjamin C.R. Lockyer (*pro hac vice* pending)
**LOCKYER LAW LLC**
6515 W. Archer Ave.
Chicago, IL 60638
Tel: (773) 340-0011
Email: ben@lockyerlaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEMAR DACOSTA, an individual; PHOLOSO MOFOKENG, an individual; MILES JACKSON-LEA, an individual; OLAKUNLE OLATUNJI, an individual; R.M., a minor child, and JOHN DOES #1-3, minor children, each through their next friend/*guardian ad litem* to be appointed by the Court.<br><br>Plaintiffs,<br><br>v.<br><br>YEEZY, LLC, a limited liability corporation; YE FKA KANYE WEST, an individual; MILO YIANNOPOULOS, an individual,<br><br>Defendants. | Case No. 2:24-cv-05547-BFM<br><br>**PETITION OF PLAINTIFFS R.M., JOHN DOE # 1, JOHN DOE # 2, AND JOHN DOE # 3 TO COMMENCE AND PROCEED BY PSEUDONYM AND THROUGH COURT-APPOINTED NEXT FRIENDS** |

## I.  INTRODUCTION

The minor Plaintiffs in the above captioned matter respectfully request the Court's permission to proceed by their respective pseudonyms, R.M., John Doe # 1, John Doe # 2, and John Doe # 3, in place of their true and correct names, because this action involves allegations of workplace harassment and child labor violations of Plaintiffs R.M., John Doe # 1, John Doe # 2, and John Doe # 3, all minors, by the Defendants.  In addition, Plaintiffs request that the Court appoint a next friend/guardian ad litem to present their interest in this lawsuit, because Plaintiffs do not have any individuals in the United States who can serve in that role besides their attorneys.  In the alternative, Plaintiffs request that they be given five business days to locate suitable next friends who can provide declarations attesting to their ability to serve in the role.

## II.  STATEMENT OF RELEVANT FACTS

On June 29, 2024 Plaintiffs filed their Complaint (ECF No. 1; Declaration of Benjamin C.R. Lockyer ["Lockyer Decl."] ¶3.)  The Complaint is based upon the workplace harassment and forced and unpaid labor of several individuals including minor Plaintiffs R.M., John Doe # 1, John Doe # 2, and John Doe # 3, by Defendants Yiannopoulos, Yeezy, LLC, and Ye.  Lockyer Decl. ¶5.  Defendant Yeezy is an international clothing brand owned by Defendant Ye formerly known as Kanye West. Dkt. No. 1 ¶25:1-13.  Defendant Yiannopoulos is the former Chief of Staff of Yeezy. Dkt. No. 1 at 32:24-25.

Since filing of the Complaint, the lead Plaintiff in this matter, Shemar DaCosta, has suffered harassment, unwanted communications, and been the subject of harassing posts by Defendant Yiannopoulos.  Lockyer Decl. ¶5.  Since its filing this matter has also been the subject of international media attention. *Id.* at ¶5.

To prevent any harassment by the Defendants or fans of Defendant Ye, the minor plaintiffs wish to maintain their privacy and not be publicly named or

PLAINTIFFS' PETITION TO COMMENCE AND PROCEED BY PSEUDONYM AND THROUGH COURT-APPOINTED NEXT FRIENDS

identified in this action. *Id*. at ¶ 6. The issues involved in this civil action are highly sensitive and personal in nature as the case involves workplace harassment and inhuman working conditions by the Defendants during their employment for Defendants. ECF No. 1. Given the nature of the hostile work environment and unpaid labor caused by Defendants Yeezy, Ye, and Yiannopoulos, and the harassment of Plaintiff DaCosta, the minor Plaintiffs believe that the public disclosure of their true identities would raise a serious risk of emotional psychological harm to them and their families. Accordingly, the minor Plaintiffs wish to maintain their privacy and not be publicly named in this civil action. The disclosure of the minor Plaintiffs' true identities would raise a serious risk of psychological and emotional harm to the minor Plaintiffs. Lockyer Decl. at ¶¶ 6-7.

Plaintiffs' procession by pseudonym will not be prejudicial to any of the Defendants as the Plaintiffs have previously disclosed their true identities to Defendant Yeezy, Ye, and Yiannopoulos. Lockyer Decl. ¶8. Plaintiffs also previously provided their identification documents to Defendants, at Defendants' request. Lockery Decl. ¶8. There is no question that the Defendants know the identities of the Plaintiffs.

Accordingly, the minor Plaintiffs do not believe that proceeding by pseudonym will be prejudicial to Defendants since their true identities were known to Defendants prior to the commencement of this action, and because the minor Plaintiffs will disclose their true identities to Defendants during the course of the litigation, including pre-trial discovery.

### III.    ARGUMENT

**A. It is Appropriate for these Minor Plaintiffs to Proceed by Pseudonym**

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch.*, 596 F.3d 1036, 1042 (9th Cir. 2010). However, the Ninth Circuit has allowed parties to use pseudonyms "in the 'unusual case' when

nondisclosure of the party's identity 'is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981).)  "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile Corp.*, 214 F.3d at 1068. "Applying this balancing test, courts have permitted plaintiffs to use pseudonyms... when anonymity is necessary is necessary to preserve privacy in a matter of sensitive and highly personal nature...". (*Id.*  For example, "[c]ourts have generally permitted plaintiffs to proceed anonymously when their claims involved allegations of sexual assault or rape."  *Doe v. County of San Joaquin* (E.D. Cal., Mar. 29, 2024, No. 2:24-CV-00899-CKD) 2024 WL 1344677, at *1; *see also Doe v. Rose*, 2016 U.S. Dist. LEXIS 188930, at *3-5 (C.D. Cal. June 17, 2016) (collecting cases); *see e.g.*, *J.I. v. United States*, 2018 US Dist. LEXIS 49646, at *4 (E.D. Cal. Mar. 23, 2018); *Roe v. Puig*, 2021 U.S. Dist. LEXIS 115728, at *7-9 (C.D. Cal. May 17, 2021); *Jordan v. Gardner*, 986 F.2d 1521, 1525 n. 4 (9th Cir. 1993) (observing "tradition of not revealing names of the victims of sexual assault").

Plaintiffs R.M. and John Doe # 1-3 were subject to hostile working conditions and abhorrent labor practices.  The minor Plaintiffs wish to maintain their privacy and not be publicly named in this action because the issues in this litigation are highly sensitive and personal in nature.  Lockyer Decl. at ¶¶4-5. Plaintiffs fear disclosure of their identity would raise a serious risk of emotional and psychological harm to them individually and to their family.  *Id.* at ¶¶6-7.  Defendants will not be prejudiced by Plaintiffs' use of pseudonyms since they have already disclosed their true identities to Defendants prior to filing this action and will disclose their true identities to Defendants during the course of this litigation.  *Id.* at ¶7.  The public

interest in disclosure of the Plaintiffs' identities is negated here by the "equally strong interest" of "encouraging victims to bring claims against their attackers." *Doe v. Rose*, 2016 U.S. Dist. LEXIS 188930, at *8-9 (C.D. Cal. June 17, 2016).

## B. It is Appropriate for These Minor Plaintiffs to Proceed Through Court-Appointed Next Friends

"A 'next friend' does not himself become a party to the ... action in which he participates, but simply pursues the cause" on behalf of an incompetent person. *Padilla v. Rumsfeld*, 352 F.3d 695, 703 (2d Cir. 2003) (rev'd on other grounds by 124 S.Ct. 2711 (2004)) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)) (discussing an incarcerated person).

Federal Rule of Civil Procedure 17 provides that "[t]he court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Rule 17(c) requires a district court to "take whatever measures it deems proper to protect an incompetent person during litigation." *Davis v. Walker*, 745 F.3d 1303, 1311 (9th Cir. 2014) (quoting *United States v. 30.64 Acres of Land*, 794 F.2d 796, 805, (9th Cir. 1986)). The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." 30.64 Acres, 795 F.2d at 804.

Thus, a minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a Guardian ad Litem. No independent guardianship proceeding is necessary to appoint a Guardian ad Litem; the Court may make the appointment as part of the same lawsuit to which the minor or incompetent is a party. *Sarracino v. Superior Court*, 13 Cal.3d 1, 12 (1974). The Federal Rule does not contain a time constraint for filing a petition for Guardian ad Litem. *Dean v. City & County of San Francisco,* No. C-05-01876 EDL, 2006 WL 824336 at *1 (N.D. Cal. 2016).

PLAINTIFFS' PETITION TO COMMENCE AND PROCEED BY PSEUDONYM AND THROUGH COURT-
APPOINTED NEXT FRIENDS

If the Court elects not to appoint someone, then Plaintiffs request that the Court provide the Plaintiffs with five business days, or until July 9, 2024, to locate a suitable next friend or guardian ad litem who will meet with the plaintiffs in advance of applying to become their next friend/guardian ad litem. Plaintiffs also request that if a next friend is chosen by the Plaintiffs, that they be allowed to choose one single person to represent them as an appointed next friend/guardian ad litem, subject of course to approval by the Court. For example, an attorney can serve as a next friend or guardian ad litem. *Padilla*, 352 F.3d at 703-704 (court found that notwithstanding the short duration of the attorney-client relationship – less than one month before further contact was prohibited – plaintiff's attorney was truly dedicated to the incompetent plaintiff's interests); *see also Warren v. Cardwell*, 621 F. 2d 321 n. 1 (9th Cir. 1980) 621 (prisoner's attorney filed habeas petition in his own name on behalf of prisoner).

## IV.    CONCLUSION

Plaintiffs respectfully request the Court to grant permission to proceed by the pseudonyms "R.M.", "John Doe 1" "John Doe 2" and "John Doe 3" in place of their true and correct names. Plaintiffs also request that the Court appoint a next friend/guardian ad litem to represent their interests, either individually, or collectively, or that they be given a period of five days to locate a suitable next friend or guardian ad litem who will make such further application.

Respectfully submitted,

DATED:  July 2, 2024          **THIGPEN LEGAL, P.C.**

By:   /s/ Jordanna G. Thigpen
JORDANNA G. THIGPEN
*Attorney for Plaintiffs*

DATED:  July 2, 2024                **LOCKYER LAW LLC**

                                    By:   /s/ Benjamin C.R. Lockyer
                                    BENJAMIN C.R. LOCKYER (*pro hac vice
                                    pending*)
                                    *Attorney for Plaintiffs*


### ATTESTATION OF E-FILED SIGNATURE

I, Jordanna G. Thigpen, am the ECF User whose ID and password are being used to file this **PETITION OF PLAINTIFFS R.M., JOHN DOE # 1, JOHN DOE # 2, AND JOHN DOE # 3 TO COMMENCE AND PROCEED BY PSEUDONYM AND THROUGH COURT-APPOINTED NEXT FRIENDS.**

I attest that Benjamin C.R. Lockyer has read and approved this pleading and consents to its filing in this action. His pro hac vice application is pending.


DATED:  July 2, 2024                    /s/ Jordanna G. Thigpen
                                    JORDANNA G. THIGPEN