**MARTORELL LAW APC**
Eduardo Martorell, State Bar No. 240027
EMartorell@Martorell-Law.com
Christopher Rosario, State Bar No. 326436
CRosario@Martorell-Law.com
Evan Miller, State Bar No. 336473
EMiller@Martorell-Law.com
Playa District
6100 Center Drive, Suite 1130
Los Angeles, CA 90045
Telephone: (323) 840-1200
Facsimile: (323) 840-1300

Attorneys for Defendant,
Yeezy LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

SHEMAR DACOSTA, an individual; PHOLOSO MOFOKENG, an individual, MILES JACKSON-LEA, an individual, OLAKUNLE OLATUNJI, an individual, R.M., a minor child, M.A., a minor child, D.P., a minor child, and K.S., a minor child, each through their parents as Court appointed guardians ad litem,

          Plaintiff,

vs.

YEEZY LLC, a limited liability corporation; YE FKA KANYE WEST, an individual; MILO YIANNOPOULOS, an individual,

          Defendants.

Case No.: 2:24-cv-05547-MWC-E

The Hon. Michelle Williams Court

**YEEZY LLC'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO FILE AND FOR THE COURT TO CONSIDER PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS**

Date:     [Undated Ex Parte Application]
Time:     [Undated Ex Parte Application]
Courtroom: 6A

Action Filed:     June 29, 2024
Fact Disc. Cutoff:     January 9, 2026
Trial:     July 6, 2026

MARTORELL LAW APC
Litigation & Trial Counsel

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Defendant Yeezy LLC ("Defendant" or "Yeezy") respectfully submits this Opposition to the Ex Parte Application submitted by Plaintiffs Shemar Dacosta, Pholoso Mofokeng, Miles Jackson-Lea, Olakunle Olatunji, R.M., M.A., D.P., and K.S., and their counsel, Jordanna G. Thigpen and Benjamin C.R. Lockyer.

## I.    <u>INTRODUCTION</u>

Plaintiffs seek extraordinary ex parte relief from a deadline they missed. Their renewed application does not show a technical failure, excusable neglect, or diligence. To the contrary, Plaintiffs' own counsel admits this was a "mistake" and that the filings "did not actually get submitted." That is user error. It is not a technical problem with the Court's filing system.

The rest of Plaintiffs' showing only makes the problem worse. No Notice of Electronic Filing ever issued. No filing appeared on the docket. No prompt corrective action was taken. Despite the absence of any reason to believe the Opposition had actually been filed, Plaintiffs let more than a week pass—through Defendant's reply deadline—before attempting to fix the issue. Plaintiffs then forced Defendant and the Court into unnecessary emergency motion practice over a problem entirely of Plaintiffs' own making, yet still notes "Defendant is unlikely to suffer any prejudice." ECF 75 at 6:6-8.

Ex parte relief is not a mechanism for retroactively excusing a missed deadline caused by counsel's own failure to complete and monitor an electronic filing. Plaintiffs have not carried their burden to show extraordinary circumstances, excusable neglect, or good cause to modify the schedule.

The application should be denied. In the alternative, if the Court is inclined to consider Plaintiffs' late opposition, Defendant should be given a full opportunity to file a substantive reply on a reset schedule.

///

///

YEEZY LLC'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO FILE AND FOR THE COURT TO CONSIDER PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

MARTORELL LAW APC
Litigation & Trial Counsel

## II.    <u>LEGAL STANDARD</u>

"Circumstances justifying the issuance of an ex parte order are extremely limited." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). "In this District, ex parte applications are solely for extraordinary relief and are rarely justified." *POP MART Americas Inc. v. 7-Eleven, Inc.*, 809 F. Supp. 3d 980, 988 (C.D. Cal. 2025).

To justify ex parte relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). "Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.*

"When an act may or must be done within a specified time, the court may, for good cause, extend the time: … on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

## III.    <u>ARGUMENT</u>

### A.    **Plaintiffs Fail to Show Excusable Neglect**

Plaintiffs argue excusable neglect in moving ex parte and in seeking relief from their failure to file their opposition brief.

"To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010). "District courts may also exercise their discretion by enforcing filing deadlines; they have the power to establish reasonable times for the filing of documents and to evaluate the legitimacy of an excuse for failing to file on time." *Davidson v. O'Reilly Auto Enters., LLC*, 968 F.3d 955, 963 (9th Cir. 2020). "[A] late

YEEZY LLC'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO FILE AND FOR THE COURT TO CONSIDER PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

MARTORELL LAW APC
Litigation & Trial Counsel

filing will ordinarily not be excused by negligence[.]" *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997).

### 1. Plaintiffs' "Technical Filing Error" Was Actually *User* Error Which Does Not Constitute Excusable Neglect

The most glaring issue here is that Plaintiffs have not provided any kind of reasonable excuse for their failure to file their opposition brief or for their more than weeklong delay that lasted until just after Defendant's reply deadline. Plaintiffs try to call their omission a "technical filing error" but the accompanying declaration from counsel admits that this was *user* error. Thigpen Dec., ¶ 4 ("I made a mistake and the filings did not actually get submitted[.]").

Other courts in similar circumstances have held that user error is not the same as a technical error and, as such, is not sufficient for good cause or excusable neglect. *See ML Prods. Inc. v. Ninestar Tech. Co. LTD. et al*, No. 5:21-CV-01930-MEMF-DTB, 2025 WL 2670865, at *1 (C.D. Cal. Feb. 12, 2025) ("The Court finds that the technical problem Plaintiff asserts in the Motion does not constitute good cause. Plaintiff argues that but for an issue with the CM/ECF system, it would have timely filed its motion for reconsideration on June 27, 2024. But it was not the CM/ECF system that had an issue that prohibited Plaintiff from filing its motion for reconsideration … Insofar as the delay was caused by Plaintiff's own error, the Court does not find good cause to grant leave to file a motion for reconsideration.") (internal citations omitted); *Blumberger v. California Hosp. Med. Ctr.*, No. 2:22-CV-06066-FLA (JCX), 2022 WL 16698682, at *2 (C.D. Cal. Nov. 2, 2022) ("Tilley's failure to link his Pacer account to his CM/ECF account prior to the close of business on the date of filing does not constitute a technical failure with the CM/ECF system, and is instead the result of his own inexcusable mistake or negligence."), *rev'd in part on other grounds in Blumberger v. Tilley, 115 F.4th 1113 (9th Cir. 2024)*; *Leuthauser v. United States*, No. 2:20-CV-479 JCM (VCF), 2024 WL 3104065, at *1 (D. Nev. June 24, 2024) ("Merely claiming 'technical error or otherwise,' without

YEEZY LLC'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO FILE AND FOR THE COURT TO CONSIDER PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

MARTORELL LAW APC
Litigation & Trial Counsel

MARTORELL LAW APC

Litigation & Trial Counsel

more, is insufficient to satisfy excusable neglect."); *Sanders v. Comm'r of Internal Revenue*, 160 T.C. 563, 572 (2023) ("Although inaccessibility can include an outage of an electronic filing system, federal courts have consistently held that inaccessibility does not include user error or technical difficulties on the user's side."); *Brinkman v. Nasseff Mech. Contractors Inc.*, 251 F. Supp. 3d 1266, 1274 (D. Minn. 2017) ("all the record reveals is that Stratton … failed to properly upload the Complaint to the Clerk. This simply does not suggest that 'technical difficulty,' rather than user error, prevented the Complaint from being correctly submitted. The Court cannot deem the Complaint timely under these circumstances."); *Sanders v. Comm'r of Internal Revenue*, 160 T.C. 563, 572 (2023) ("Although inaccessibility can include an outage of an electronic filing system, federal courts have consistently held that inaccessibility does not include user error or technical difficulties on the user's side."); *State Bank of S. Utah v. Beal*, 633 B.R. 398, 404–05 (D. Utah 2021) ("The Bankruptcy Court made the factual finding that 'there [was] no evidence of a technical failure' with the CM/ECF system when counsel for SBSU attempted to file the complaint. Instead, the court concluded that any supposed technical failures were the result of user errors."); *see also Choudhry v. Tulare Cnty.*, No. 1:21-CV-01287-JLT-SAB, 2023 WL 8878275, at *3 (E.D. Cal. Dec. 22, 2023) (noting that E.D. Cal. Local rules state "Problems on the filer's end, such as phone line problems, problems with the filer's Internet Service Provider (ISP), or hardware or software problems, will not constitute a technical failure under these procedures nor excuse an untimely filing.").

Plaintiffs make no attempt to specifically describe what the issue was or why their unexplained efforts were a "a good faith effort to file the opposition before the deadline." Ex Parte App. at 3. They claim the briefing was finished beforehand but the screenshot in Exhibit 1 is not proof that the timestamps shown are for the exact documents they are now presenting. In fact, the documents directly served on

YEEZY LLC'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO FILE AND FOR THE COURT TO CONSIDER PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

Defendant have different file sizes than the ones shown in the screen capture:



Oddly, the screen capture itself in Exhibit 1 omits from the lower right corner the time that the screen capture was taken.[1]

### 2. The Reason for Plaintiffs' Delay Was Not Reasonable Because No Notice of Electronic Filing Ever Issued

Plaintiffs' argument that "[c]ounsel reasonably believed the filings had been submitted" and that "Plaintiffs only became aware of the issue after Defendant filed its reply asserting that no opposition had been filed" is unreasonable.  Ex Parte App. at 5.  A Notice of Electronic Filing issues for every confirmed filing.  It is a confirmation screen showing the filing is complete.  Without it, it is unreasonable to believe the filing was complete.  Counsel knew or should have known that no Notice of Electronic Filing had ever issued for the documents.

Moreover, Plaintiffs state in the underlying opposition brief that three attorneys comprising of two different law firms worked on these filings.  It is reasonable to expect these attorneys would look for an e-filing notification from the Court for this important filing.  Yet, all three attorneys and both law firms unreasonably failed to notice that none of them had received an ECF filing notice for this important filing.  Indeed, Plaintiffs' counsel fails to explain any reason why any of them were under the apparent belief that documents had been filed when no Notice of Electronic Filing had ever issued and no ECF filing notice had issued.

_____

[1] In addition, Plaintiffs not only failed to file the Opposition, but they *also* failed to email a proposed order in accordance with this Court's Standing Order.  *See* Standing Order at ¶ 8.  Had they done so, the Court may have alerted them that the proposed order did not relate to a filed document.  This is yet another way in which Plaintiffs' counsel's failures to follow proper procedure demonstrate a lack of diligence that is unreasonable and beyond excusable neglect.

YEEZY LLC'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO FILE AND FOR THE COURT TO CONSIDER PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

MARTORELL LAW APC
Litigation & Trial Counsel

They should have expected this given their years of experience and also because they had successfully filed another document that same evening. *See* ECF 64. This conduct is not reasonable. Plaintiffs are not the first to make this kind of argument:

> Alternatively, even if it were proper for the Court to apply Rule 60(b) as a means to extend the deadline for filing a notice of appeal, Plaintiff has failed to demonstrate "excusable neglect." First, as Defendant argues, Plaintiff has two attorneys who have entered appearances in this action on her behalf. Mr. Travis represents to the Court that he is Plaintiff's appellate counsel. But Mark Edwards is also Plaintiff's attorney of record and has represented Plaintiff since the commencement of this action. Plaintiff fails to make any showing as to why Mr. Edwards did not take any corrective action within the prescribed time periods. Plaintiff argues in her Reply that Mr. Edwards "had no way to know that ... the Notice of Appeal did not get filed." Reply at 1. But that is incorrect. Mr. Edwards would have received a Notice of Electronic Filing (NEF) from this Court as to any filing made. When he did not receive any such NEF, he could have taken corrective action. Instead, it appears Mr. Edwards simply did not continue to monitor the case. In any event, the record is silent as to any excusable neglect as to Mr. Edwards.

*Hawkins v. CUNA Mut. Grp.*, No. CIV-22-536-SLP, 2023 WL 3903812, at *2 (W.D. Okla. June 8, 2023).

Courts often reject requests for relief based on claimed ECF filing issues where, as here, it is clear that the requesting party failed to monitor the filing and see it through to completion, which would have resulted in a Notice of Electronic Filing.[2] *See Morrow v. Union Pac. R.R. Co.*, No. 221CV04892VAPKSX, 2021 WL 4033777, at *2 (C.D. Cal. Aug. 3, 2021) ("The paralegal's declaration that it 'appeared to [her]' that the filing was complete is not a sufficient showing that a

---

[2] "At the conclusion of the electronic filing process you will receive a screen referred to as the NEF (Notice of Electronic Filing). At the bottom of this screen the parties to the case will be listed, with a designation of which were served electronically with the NEF." *U.S. Dist. Ct. for the Cent. Dist. of Cal., Frequently Asked Questions: Are Proofs of Service Needed on Electronically Filed Documents?*, https://www.cacd.uscourts.gov/faq/general-questions/are-proofs-service-needed-electronically-filed-documents (last visited Mar. 24, 2026).

MARTORELL LAW APC
Litigation & Trial Counsel

Court error, *e.g.* a malfunction with the ECF filing system, rather than Defendant's failure to see the filing through to completion, caused the untimely filing of the Notice."); *Gallardo v. First Horizon Home Loans*, No. CV-20-00889-PHX-MTL, 2020 WL 3414711 (D. Ariz. June 22, 2020) (rejecting defendant's argument that technical error prevented timely filing of petition for removal where the court could not conclude that defendant completed all the steps necessary for electronic filing).

### 3.    There Is Clear Prejudice to Defendant and the Court

The prejudice here is apparent.  Plaintiffs' failure to timely file the Opposition deprived Defendant of the orderly briefing schedule and forced Defendant and the Court to respond to emergency motion practice that should never have been necessary.  Defendant's counsel had to rush over a weekend to address an ex parte application that Plaintiffs ended up withdrawing only a couple of hours before Defendant's response was due.  Plaintiffs have effectively shifted the burden of their filing mistake onto Defendant and the Court.  Plaintiffs' request, if granted without conditions, would effectively benefit their noncompliance by having to reschedule this pending motion, thereby forcing Defendant and the Court to absorb the disruption caused by Plaintiffs' counsel's mistake.

### 4.    The Length and Impact of the Delay is Not Trivial

The delay was not trivial in this context.  Plaintiffs missed their March 13 opposition deadline and allowed the situation to remain unresolved through Defendant's reply brief deadline—even though they had no reasonable basis to believe their filing had been completed.  The practical impact of the delay is larger than the raw number of days suggests because, if granted, it will have disrupted the entire briefing sequence, not just one filing date.  By the time Plaintiffs acted, Defendant had already been required to choose a course on the existing record and file accordingly.

The delay spawned multiple collateral filings—the March 20 filing, the first ex parte application, the withdrawal, and the renewed ex parte application—all of which

YEEZY LLC'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO FILE AND FOR THE COURT TO CONSIDER PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

consumed party and court resources. The impact is heightened because the underlying motion concerns sanctions and counsel's conduct, so the missed deadline and subsequent unreasonable failure to rectify the situation is not collateral. This is now directly relevant to the subject matter of the motion.

### 5. Whether Plaintiffs Are Acting in Good Faith is Questionable

Whether Plaintiffs' arguments are submitted in good faith is in question. Specifically, Plaintiffs again present the Court with an unreasonable explanation categorized as a "technical issue." Unfortunately, this explanation now constitutes a pattern and practice, as it is not the first time Plaintiffs have asserted an inexplicable "technical issue" in this matter. It is not even the second.

First, Plaintiffs continue to claim their request for admission responses were timely sent to Defendant even though they admitted during a meet and confer that none of their emails show the responses were sent on time. ECF 62-3, ¶ 2. There is no objective evidence upon which to conclude that Plaintiffs timely served the discovery in question.

Also, Plaintiffs recently accused Defendant of not sending a joint stipulation portion prior to a deadline that was unquestionably sent timely. Plaintiffs even attach purported "proof" of their unreasonable claim to a declaration supporting their sanctions motion opposition. *See* ECF 75-4, Ex. 1. However, the standard email banner demonstrates that the email was sent timely at 11:51 PM on March 4, 2026. *Id*. (showing "11:51 PM" under "Original Message" and "Created at"). Even indulging in the metadata that Plaintiffs would like the Court to review, however, only highlights Plaintiffs' erroneous and unreasonable position. The printout actually shows Defendant's email was delivered <u>on time</u> to the correct inbox (jt@thigpenlegal.com) but was not relayed/forwarded from that email inbox to a

YEEZY LLC'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO FILE AND FOR THE COURT TO CONSIDER PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

MARTORELL LAW APC

Litigation & Trial Counsel

separate inbox (thigpenlegal@gmail.com) until after midnight.[3]  *Id.*

Now, the Court is presented with a third "technical issue" that is, just like the first, entirely of Plaintiffs' counsel's own making.  Further, with regard to all three "technical issues", Plaintiffs' counsel's explanations are divorced from reality.  There is no basis to conclude they timely served discovery.  There is no basis to conclude Plaintiffs' counsel did not receive Defendant's portion of the joint stipulation timely.  There is no basis to conclude any sort of "technical error" occurred with regard to Plaintiffs' failure to file a timely opposition to Defendant's motion for sanctions.  Unfortunately, it seems the Court is faced with desperate excuses that lack candor and credulity.

**B.  Plaintiffs Show No Good Cause to Modify the Scheduling Order**

A scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."  *Id.*  "If that party was not diligent, the inquiry should end."  *Id.*

Here, Plaintiffs were clearly not diligent.  Not one of the three attorneys who

---

[3] The highlighted portions of the exhibit show when the email was forwarded to the secondary inbox (thigpenlegal@gmail.com).  ECF 75-4 (just below the first highlight the data readout says "X-Forwarded-Encrypted").  Further down the exhibit shows when the email arrived in counsel's designated email inbox.  *See Id.* ("Return-path: emiller@martorell-law.com … Envelope-to: jt@thigpenlegal.com … Delivery-date: Thu, 05 Mar 2026 07:52:18 +0000").  The time stamp is notated in UTC which, when adjusted to PST, is 04 Mar 2026 11:52:18.  The forwarding also indicates it was done via "POP3."  *Id.*  These are known to not be synced: "POP can only be used for a single computer. Emails aren't synced in real time. Instead, they're downloaded and you decide how often you want to download new emails."  *Read Gmail Messages on Other Email Clients Using POP*, Gmail Help, Google, https://support.google.com/mail/answer/7104828 (last visited Mar. 24, 2026) (explaining that POP emails "aren't synced in real time" and instead are downloaded).

YEEZY LLC'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO FILE AND FOR THE COURT TO CONSIDER PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

MARTORELL LAW APC
Litigation & Trial Counsel

worked on the document had reason to believe it was properly filed because no Notice of Electronic Filing ever issued and none of the attorneys received email confirmation of the filing.  This should have been obvious given that a notice did issue for the other document they did file that evening.  *See* ECF 64.  Yet, Plaintiffs' counsel proceeded for a week without monitoring or confirming their filing or even following the procedures for a technical issue, as outlined in Local Rule 5-4.6.2.  Therefore, the diligence inquiry should end.

### C.   Sanctions Can Be Determined Based on Defendant's Briefing

Plaintiffs cite no caselaw for their proposition that sanctions cannot be granted on Defendant's motion for sanctions under these circumstances.  Thus, the Court can properly make the bad faith determination requested within the motion for sanctions, based on the matter presented in Defendant's briefing.  Further, Plaintiffs' counsel had notice and an opportunity to be heard but waived it by not filing anything and not diligently pursuing that filing to completion.

## IV.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court deny Plaintiffs' ex parte application.  In the alternative, if the Court is inclined to grant the application, then Defendant respectfully requests the Court set a briefing schedule and reset the hearing to allow Defendant an opportunity to file a substantive reply.

Dated:  March 24, 2026                    **MARTORELL LAW APC**


                                          */s/ Eduardo Martorell*
                                          Eduardo Martorell
                                          Christopher A. Rosario
                                          Evan Miller
                                          *Attorneys for Defendant,*
                                          *Yeezy LLC*

MARTORELL LAW APC

Litigation & Trial Counsel

YEEZY LLC'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO FILE AND FOR THE COURT TO CONSIDER PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS