**MARTORELL LAW APC**
Eduardo Martorell, State Bar No. 240027
EMartorell@Martorell-Law.com
Christopher Rosario, State Bar No. 326436
CRosario@Martorell-Law.com
Evan Miller, State Bar No. 336473
EMiller@Martorell-Law.com
Playa District
6100 Center Drive, Suite 1130
Los Angeles, CA 90045
Telephone: (323) 840-1200
Facsimile: (323) 840-1300

Attorneys for Defendant,
Yeezy LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEMAR DACOSTA, an individual; PHOLOSO MOFOKENG, an individual, MILES JACKSON-LEA, an individual, OLAKUNLE OLATUNJI, an individual, R.M., a minor child, M.A., a minor child, D.P., a minor child, and K.S., a minor child, each through their parents as Court appointed guardians ad litem,<br><br>Plaintiff,<br><br>vs.<br><br>YEEZY LLC, a limited liability corporation; YE FKA KANYE WEST, an individual; MILO YIANNOPOULOS, an individual,<br><br>Defendants. | Case No.: 2:24-cv-05547-MWC-E<br><br>The Hon. Michelle Williams Court<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT YEEZY LLC'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER ON MOTION FOR SUMMARY JUDGMENT [DKT. 82]**<br><br>Date:     May 29, 2026<br>Time:     1:30 p.m.<br>Courtroom: 6A<br><br>Action Filed:    June 29, 2024<br>Fact Disc. Cutoff:   January 9, 2026<br>Trial:    July 6, 2026 |

MARTORELL LAW APC

Litigation & Trial Counsel

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER

MARTORELL LAW APC
Litigation & Trial Counsel

# TABLE OF CONTENTS

**MEMORANDUM OF POINTS AND AUTHORITIES** ......................................**9**

**I.     INTRODUCTION** ..........................................................................**9**

**II.    LEGAL STANDARD**.....................................................................**10**

**III.   ARGUMENT** ................................................................................**12**

      **A.     The Court Misapplied ATS Extraterritoriality Even Assuming Plaintiffs Proceed on Direct ATS Theories**.................................**12**

      **B.     The Order Applied the Wrong Standard to the "Forced" Element of the ATS Forced Labor Claim** ...................................................**13**

      **C.     The Order Erroneously Dispensed with the State-Action Requirement for ATS CIDT**..........................................................**15**

      **D.     The Order Did Not Address Defendant's Argument That the Alleged Conduct Does Not Substantively Constitute CIDT**.....................**16**

      **E.     The Court Did Not Apply the Correct Joint-Employer Framework Under the FLSA**.............................................................................**17**

          **1.     Yeezy Had No Power to Hire or Fire Plaintiffs** ..................**18**

          **2.     Yeezy Did Not Supervise or Control Plaintiffs' Schedules or Conditions of Work**.........................................**19**

          **3.     Yeezy Did Not Determine Any Rate or Method of Payment** ...................................................................................**19**

          **4.     Yeezy Maintained No Employment Records for Plaintiffs**....................................................................................**21**

      **F.     D.P.'s Overtime Claim Fails as He Performed No Overtime Work21**

      **G.     The Court Misapplied FEHA's Two-Part Extraterritoriality Test22**

          **1.     The Court Incorrectly Analyzed Situs of Employment** ..........................................................................**23**

          **2.     Court Incorrectly Located the Material Elements of Plaintiffs' FEHA Claims**.....................................................**24**

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER

H.      The Court Did Not Address Yeezy's Argument that Plaintiffs' FEHA Claims Were Precluded by the Remuneration Requirement .....27

I.      The Court Erred by Allowing FEHA Harassment Claims Based on Plaintiffs' Youth.................................................................................28

J.      The Court Erred by Treating Exposure to Sexual Content as Sufficient Without Harassment *Because of* Sex .......................................28

K.      The Court Applied the Wrong FEHA Imputation Framework...29

L.      The Court Allowed Fraud to Proceed on an Expanded Theory and Without the Required Showing of Promissory Fraud .............................31

M.      The Court Did Not Apply the Required Quantum Meruit Elements 32

IV.   CONCLUSION ......................................................................................33

MARTORELL LAW APC

Litigation & Trial Counsel

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER

# TABLE OF AUTHORITIES

**Page(s)**

<u>Cases</u>

*Adhikari v. Kellogg Brown & Root, Inc.*,
845 F.3d 184 (5th Cir. 2017) ................................................................. 13

*Adia v. Grandeur Mgmt., Inc.*,
933 F.3d 89 (2d Cir. 2019)..................................................................... 14

*Al Shimari v. CACI Premier Tech., Inc.*,
263 F. Supp. 3d 595 (E.D. Va. 2017) .................................................... 15

*Al-Quraishi v. Nakhla*,
728 F. Supp. 2d 702 (D. Md. 2010)....................................................... 15

*Am. Title Ins. Co. v. Lacelaw Corp.*,
861 F.2d 224 (9th Cir. 1988) ................................................................. 32

*Aragon v. Ku*,
277 F. Supp. 3d 1055 (D. Nev. 2017)................................................... 14

*Axon Enter., Inc. v. Luxury Home Buyers, LLC*,
711 F. Supp. 3d 1227 (D. Nev. 2024)................................................... 12

*Bonnette v. California Health & Welfare Agency*,
704 F.2d 1465 (9th Cir. 1983) ............................................................... 18

*Camara v. Cnty. of Stanislaus*,
No. F061912, 2012 WL 3026547 (Cal. Ct. App. July 25, 2012) ........... 28

*Campbell v. Arco Marine, Inc.*,
42 Cal. App. 4th 1850 (1996) .......................................................... 26, 27

*Castillo v. Spencer's Air Conditioning & Appliance Inc.*,
No. CV-22-00798-PHX-DWL, 2024 WL 706939 (D. Ariz. Feb. 21, 2024) ... 18, 19, 21

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)............................................................................... 19

*Chao v. A-One Med. Servs., Inc.*,
346 F.3d 908 (9th Cir. 2003) ................................................................. 18

*Christianson v. Colt Indus. Operating Corp.*,
486 U.S. 800 (1988)............................................................................... 11

*City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*,
254 F.3d 882 (9th Cir. 2001) ................................................................. 11

*Cnty. of Santa Clara v. Superior Ct.*,
14 Cal. 5th 1034 (2023) ......................................................................... 33

*Day v. Alta Bates Med. Ctr.*,
98 Cal. App. 4th 243 (2002) .................................................................. 33

*Doe v. Cap. Cities*,
50 Cal. App. 4th 1038 (1996) .......................................................... 30, 31

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER

*Doe v. Qi,*
  349 F. Supp. 2d 1258 (N.D. Cal. 2004) ..............................................................16, 17

*Doe v. Unocal Corp.,*
  963 F. Supp. 880 (C.D. Cal. 1997) ...........................................................................16

*Elzeftawy v. Pernix Grp., Inc.,*
  477 F. Supp. 3d 734 (N.D. Ill. 2020) .................................................................23, 24

*Eng. v. Gen. Dynamics Mission Sys., Inc.,*
  808 F. App'x 529 (9th Cir. 2020) ................................................................24, 25, 26

*Feltzs v. Cox Commc'ns Cal., LLC,*
  562 F. Supp. 3d 535 (C.D. Cal. 2021) ......................................................................11

*Gonsalves v. Infosys Techs., LTD.,*
  No. C 09-04112 MHP, 2010 WL 1854146 (N.D. Cal. May 6, 2010) .....................25

*Gonzales v. Sterling Builders, Inc.,* No. 08-CV-943-BR,
  2010 WL 1875620 (D. Or. May 6, 2010) .................................................................20

*Gray v. Golden Gate Nat. Recreational Area,*
  866 F. Supp. 2d 1129 (N.D. Cal. 2011) ....................................................................11

*Guz v. Bechtel Nat. Inc.,*
  24 Cal. 4th 317 (2000) ..............................................................................................25

*Hill v. Workday, Inc.,*
  773 F. Supp. 3d 779 (N.D. Cal. 2025) ......................................................................23

*In re Airport Car Rental Antitrust Litig.,*
  521 F. Supp. 568 (N.D. Cal. 1981) ...........................................................................12

*In re Oak Park Calabasas Condo. Ass'n,*
  302 B.R. 682 (Bankr. C.D. Cal. 2003) ......................................................................11

*In re S. Afr. Apartheid Litig.,*
  617 F. Supp. 2d 228 (S.D.N.Y. 2009) .......................................................................16

*John Roe I v. Bridgestone Corp.,*
  492 F. Supp. 2d 988 (S.D. Ind. 2007) .......................................................................15

*Kadic v. Karadzic,*
  70 F.3d 232 (2d Cir. 1995) ........................................................................................14

*Kruitbosch v. Bakersfield Recovery Servs., Inc.,*
  114 Cal. App. 5th 200 (2025) ....................................................................................31

*Landers v. Quality Commc'ns, Inc.,*
  771 F.3d 638 (9th Cir. 2014) .....................................................................................22

*Lawler v. Montblanc N. Am., LLC,*
  704 F.3d 1235 (9th Cir. 2013) .............................................................................25, 28

*Lazar v. Superior Ct.,*
  12 Cal. 4th 631 (1996) ..............................................................................................32

*Lerner & Rowe PC v. Brown Engstrand & Shelly LLC,*
  684 F. Supp. 3d 953 (D. Ariz. 2023) ........................................................................12

*Lewis v. City of Benicia,*
  224 Cal. App. 4th 1519 (2014) ..................................................................................29

MARTORELL LAW APC
Litigation & Trial Counsel

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER

MARTORELL LAW APC
Litigation & Trial Counsel

*Loza v. Intel Americas, Inc.*,
  No. C 20-06705 WHA, 2020 WL 7625480 (N.D. Cal. Dec. 22, 2020) ............25, 27

*Lyle v. Warner Bros. Television,*
  *Prods.*, 38 Cal. 4th 264 (2006)...............................................................................29

*Maddock v. KB Homes, Inc.*,
  631 F. Supp. 2d 1226 (C.D. Cal. 2007) ..........................................................19, 20

*Marshall v. Alameda Contra Costa Transit Dist.*,
  No. 24-CV-00996-JST, 2025 WL 1031871 (N.D. Cal. Apr. 7, 2025) ...................12

*Morgan v. MacDonald*,
  41 F.3d 1291 (9th Cir. 1994) ................................................................................18

*Mujica v. Occidental Petroleum Corp.*,
  381 F. Supp. 2d 1164 (C.D. Cal. 2005) ..........................................................16, 17

*Nat'l Rural Telecommunications Co-op. v. DIRECTV, Inc.*,
  319 F. Supp. 2d 1059 (C.D. Cal. 2003) ...............................................................12

*Nestle USA, Inc. v. Doe*,
  593 U.S. 628 (2021)..............................................................................................13

*Payne v. Bank of Am. Nat'l Tr. & Sav. Ass'n*,
  128 Cal. App. 2d 295 (1954) ...............................................................................33

*Preaseau v. Prudential Ins. Co. of Am.*,
  591 F.2d 74 (9th Cir. 1979) ..................................................................................10

*R.S. v. Prime Healthcare Servs., Inc.*,
  No. 5:24-CV-00330-ODW (SPX), 2025 WL 103488 (C.D. Cal. Jan. 13, 2025)....12

*Raines v. U.S. Healthworks Med. Grp.*,
  No. 19-CV-1539-DMS-DEB, 2024 WL 3850812 (S.D. Cal. Aug. 16, 2024) ........28

*Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Assn.*,
  55 Cal. 4th 1169 (2013) .......................................................................................32

*Roby v. McKesson Corp.*,
  47 Cal. 4th 686 (2009) .........................................................................................25

*Russo v. APL Marine Servs., Ltd.*,
  135 F. Supp. 3d 1089 (C.D. Cal. 2015) ...............................................................23

*Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*,
  5 F.3d 1255 (9th Cir. 1993) ..................................................................................10

*Senne v. Kansas City Royals Baseball Corp.*,
  591 F. Supp. 3d 453 (N.D. Cal. 2022)..................................................................20

*Sessa v. Ancestry.com Operations Inc.*,
  713 F. Supp. 3d 997 (D. Nev. 2024)................................................................10, 11

*Sexton v. Spirit Airlines, Inc.*,
  No. 2:21-CV-00898-TLN-AC, 2023 WL 1823487 (E.D. Cal. Feb. 8, 2023) .........23

*Shiguago v. Occidental Petroleum Corp.*,
  No. CV 06-4982 ODW (CWX), 2009 WL 10671585 (C.D. Cal. Aug. 5, 2009)....16

*Sims v. Worldpac Inc.*,
  No. C 12-05275 JSW, 2013 WL 663277 (N.D. Cal. Feb. 22, 2013) .....................25

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER

MARTORELL LAW APC

Litigation & Trial Counsel

*Smith v. Clark Cnty. Sch. Dist.*,
  727 F.3d 950 (9th Cir. 2013) ........................................................................... 10, 11, 12
*Sosa v. Alvarez-Machain*,
  542 U.S. 692 (2004) ..................................................................................................... 14, 15
*State Dep't of Health Servs. v. Superior Ct.*,
  31 Cal. 4th 1026 (2003) ............................................................................................. 29, 30
*Talley v. Cnty. of Fresno*,
  51 Cal. App. 5th 1060 (2020) ....................................................................................... 28
*Tarmann v. State Farm Mut. Auto. Ins. Co.*,
  2 Cal. App. 4th 153 (1991) ............................................................................................ 32
*Tenzer v. Superscope, Inc.*,
  39 Cal. 3d 18 (1985) ........................................................................................................ 32
*Torres-Lopez v. May*,
  111 F.3d 633 (9th Cir. 1997) ................................................................................... 18, 20
*Tyson Foods, Inc. v. Bouaphakeo*,
  577 U.S. 442 (2016) ......................................................................................................... 22
*United States v. U.S. Gypsum Co.*,
  333 U.S. 364 (1948) ......................................................................................................... 11
*Velez v. Sanchez*,
  693 F.3d 308 (2d Cir. 2012) ..................................................................................... 14, 15
*Ward v. United Airlines, Inc.*,
  9 Cal. 5th 732 (2020) ................................................................................................. 24, 26
*Wasco Prods., Inc. v. Southwall Techs., Inc.*,
  435 F.3d 989 (9th Cir. 2006) ........................................................................................ 32
*Washington v. Garcia*,
  977 F. Supp. 1067 (S.D. Cal. 1997) ........................................................................... 10
*William v. AES Corp.*,
  28 F. Supp. 3d 553 (E.D. Va. 2014) ..................................................................... 16, 17

## Statutes

18 U.S.C. § 1589 ............................................................................................................... 14
29 U.S.C. § 207(a)(1) ................................................................................................. 21, 22
Cal. Gov't Code § 12926(b) ......................................................................................... 28
Cal. Gov't Code § 12926(t) ........................................................................................... 30
Cal. Gov't Code § 12940(j)(1) ................................................................................ 29, 30

## Rules

Federal Rule of Civil Procedure 54(b) ...................................................................... 10
Federal Rule of Civil Procedure 59(e) ................................................................. 10, 11
Rule 59 ................................................................................................................................ 11

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER

**Regulations**

29 C.F.R. § 791.2(b) ....................................................................................... 18

**Other Authorities**

C.D. Cal.,
    L.R. 7-18 ................................................................................................ 11

MARTORELL LAW APC

Litigation & Trial Counsel

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER

**MARTORELL LAW APC**
Litigation & Trial Counsel

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

Defendant Yeezy LLC ("Defendant" or "Yeezy") respectfully submits this Motion for Partial Reconsideration of the Court's order (Dkt. 82, the "Order") on Yeezy's Motion for Summary Judgment, or, in the Alternative, Partial Summary Judgment, as to all causes of action in the First Amended Complaint ("FAC") filed by plaintiffs Shemar Dacosta, Pholoso Mofokeng, Miles Jackson-Lea, Olakunle Olatunji, R.M., M.A., D.P., and K.S. (collectively, "Plaintiffs").

## I.    <u>INTRODUCTION</u>

Yeezy respectfully moves for partial reconsideration because the Court's summary judgment ruling rests on legal and analytical errors that materially affected the outcome. This motion does not ask the Court to reweigh genuinely disputed facts. It asks the Court to apply the correct legal standards to the record the Court itself described. Across multiple claims, the same problem recurs: the Order treated generalized project involvement, discussions surrounding a possible asset transaction, and Plaintiffs' subjective expectations as though they were enough to establish ATS domestic conduct, ATS forced labor, actionable CIDT, Yeezy employment under the FLSA, California situs under FEHA, actionable fraud, and quantum meruit liability.

The ATS rulings did not apply the governing territorial and substantive limits to a record showing that the relevant overseas Plaintiffs lived and worked abroad and that the alleged coercive conduct fell far short of the international law thresholds Plaintiffs invoked. The FLSA ruling did not apply the distinct joint-employer framework required by the undisputed separate entity structure and the undisputed fact that the contemplated app acquisition was never executed by Yeezy. The FEHA rulings misapplied the extraterritoriality test, bypassed FEHA's separate remuneration requirement, and allowed age and sex-based harassment theories to proceed without the required statutory showing. The fraud and quantum meruit rulings likewise allowed claims to survive without applying the pleaded theory and

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER

required elements to the record the Court itself found.  Because these errors are legal, outcome-determinative, and apparent on the existing record, reconsideration is warranted.

## II.   LEGAL STANDARD

"[A]n order denying a motion for summary judgment is generally interlocutory and subject to reconsideration by the court at any time."  *Preaseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74, 79-80 (9th Cir. 1979).[1]  "A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)."  *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  "Courts also derive power to revise interlocutory orders from Federal Rule of Civil Procedure 54(b)."  *Sessa v. Ancestry.com Operations Inc.*, 713 F. Supp. 3d 997, 1001 (D. Nev. 2024).  "A district court may properly reconsider its decision if it (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013).

Under Local Rule 7-18, "[a] motion for reconsideration on any motion or application may be made [] on the grounds of … a manifest showing of a failure to consider material facts presented to the Court before the Order was entered."  C.D. Cal. L.R. 7-18.  "Courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)."  *Feltzs v. Cox Commc'ns Cal., LLC*, 562 F. Supp. 3d 535, 539 (C.D. Cal. 2021).

On a motion for reconsideration, the Court is not limited to these procedural rules because "[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an

---

[1] "[B]ecause the denial of a motion for summary judgment is an interlocutory order, the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."  *Washington v. Garcia*, 977 F. Supp. 1067, 1069 (S.D. Cal. 1997).

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER

MARTORELL LAW APC
Litigation & Trial Counsel

interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001); *see Id.* at 886 ("A district court's power to rescind, reconsider, or modify an interlocutory order is derived from the common law, not from the Federal Rules of Civil Procedure."); *Gray v. Golden Gate Nat. Recreational Area*, 866 F. Supp. 2d 1129, 1132 (N.D. Cal. 2011) (recognizing inherent authority to reconsider interlocutory orders to prevent clear error or manifest injustice) (*citing Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988); *Sessa v. Ancestry.com Operations Inc.*, 713 F. Supp. 3d 997, 1001 (D. Nev. 2024) ("When a district court issues an interlocutory order, the power to reconsider or amend that order is not subject to the limitations of Rule 59.").

"Clear error occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (*quoting United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A 'manifest injustice' is defined as 'an error in the trial court that is direct, obvious, and observable' … while the term 'manifest error' is 'an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003) (*quoting* Black's Law Dictionary 563 (7th ed.1999)).

A motion for reconsideration may properly be granted where the court's prior ruling reflects error in the governing legal framework, error in applying that framework to the issues presented, a material misapprehension or omission as to the factual record, or a failure to consider a material or dispositive argument bearing directly on the result. *See Smith*, 727 F.3d at 955 (reconsideration proper to correct clear legal error); *Axon Enter., Inc. v. Luxury Home Buyers, LLC*, 711 F. Supp. 3d 1227, 1229–30 (D. Nev. 2024) (granting reconsideration to correct clear legal error); *Lerner & Rowe PC v. Brown Engstrand & Shelly LLC*, 684 F. Supp. 3d 953, 955 (D.

MARTORELL LAW APC
Litigation & Trial Counsel

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER

Ariz. 2023) (reconsideration proper where the court overlooked matters or committed manifest error); *Nat'l Rural Telecommunications Co-op. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1059, 1087–88 (C.D. Cal. 2003) (granting reconsideration after correcting a material factual misunderstanding); *R.S. v. Prime Healthcare Servs., Inc.*, No. 5:24-CV-00330-ODW (SPX), 2025 WL 103488, at *6–7 (C.D. Cal. Jan. 13, 2025) (granting reconsideration where the court had not addressed dispositive arguments); *Marshall v. Alameda Contra Costa Transit Dist.*, No. 24-CV-00996-JST, 2025 WL 1031871, at *3-4 (N.D. Cal. Apr. 7, 2025) (granting reconsideration where the court failed to consider dispositive arguments); *see also In re Airport Car Rental Antitrust Litig.*, 521 F. Supp. 568, 572 (N.D. Cal. 1981) ("The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous.  There is no need to await reversal.").

## III.   ARGUMENT

### A.    The Court Misapplied ATS Extraterritoriality Even Assuming Plaintiffs Proceed on Direct ATS Theories

Reconsideration is warranted because the Court's ATS extraterritoriality analysis did not apply the governing framework to the record before it.  The Court recognized that the non-K.S. Overseas Plaintiffs resided abroad and performed their work abroad, yet denied summary judgment based on alleged domestic oversight, communications, and decision-making.  ECF 82 at 11-13. However, even assuming Plaintiffs proceed only on direct ATS theories, that does not answer the territorial question.  The Supreme Court has made clear that ATS plaintiffs must establish that "the conduct relevant to the statute's focus occurred in the United States" and that "general corporate activity—like decisionmaking—cannot alone establish domestic application." *Nestle USA, Inc. v. Doe*, 593 U.S. 628, 633-634 (2021).  The relevant inquiry remains where the conduct comprising the alleged international law violation occurred, not whether Plaintiffs can point to some domestic activity in the background.  *See Adhikari v. Kellogg Brown & Root, Inc.*, 845 F.3d 184, 196–200

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER

MARTORELL LAW APC

Litigation & Trial Counsel

(5th Cir. 2017) (holding direct ATS trafficking and forced-labor claims impermissibly extraterritorial because "all the conduct comprising the alleged international law violations occurred in a foreign country").

That standard should have resolved the ATS claims for the non-K.S. Overseas Plaintiffs here. The record established that their alleged labor was performed abroad. ECF 82 at 11-13; ECF 70-2 at 92–93 (UMF Nos. 110-117). Yet, the record did not supply a non-speculative basis to locate the conduct relevant to Plaintiffs' ATS theories in the United States. The Court relied on alleged domestic decisionmaking and communications, but the record contained no evidence identifying where any Yeezy-related individual was physically located when any allegedly relevant act or communication occurred—except for Massimo Venezia, who was in Argentina. ECF 82 at 11-12; ECF 70-2 at 2-4 (UMF No. 4). On this record, the Court effectively inferred domestic ATS conduct from Yeezy's California residence and Plaintiffs' generalized allegations of U.S.-based involvement. That is legal error under *Nestle*, which rejects reliance on mere corporate presence and generic operational decisionmaking to establish a domestic ATS application. *Nestle USA, Inc.*, 593 U.S. at 633-634. Since the Court's own findings established that the non-K.S. Overseas Plaintiffs lived and worked abroad, reconsideration is warranted and summary judgment should be entered on the ATS claims as to those Plaintiffs.

**B.** **The Order Applied the Wrong Standard to the "Forced" Element of the ATS Forced Labor Claim**

Reconsideration is warranted because the Court treated alleged false promises of pay, pressure tied to future opportunities, threats of exclusion, NDA and identity related demands, and "extreme" project deadlines as sufficient to create a triable ATS forced labor claim without identifying the specific and narrowly defined international-law norm required by the Alien Tort Statute. ECF 82 at 13-14. That was legal error.

ATS causes of action may proceed only for norms of international law that are

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER

"specific, universal, and obligatory," and federal courts must exercise "vigilant doorkeeping" before recognizing or extending such claims. *Sosa v. Alvarez-Machain*, 542 U.S. 692, 725, 729, 732 (2004). The order did not do that. Instead, it relied on *Adia v. Grandeur Mgmt., Inc.*, 933 F.3d 89, 93 (2d Cir. 2019) and *Aragon v. Ku*, 277 F. Supp. 3d 1055, 1067 (D. Nev. 2017)—both of which apply the domestic TVPA forced labor statute (18 U.S.C. § 1589)—and then blended that analysis with CIDT concepts in the same discussion. ECF 82 at 13-14. However, the ATS inquiry is not whether Plaintiffs' allegations might satisfy an expansive domestic coercion statute, it is whether the record shows conduct violating a sufficiently definite customary international law norm. *Sosa*, 542 U.S. at 725, 732. The Court's conflation is legal error, as the scope of the ATS is distinct and "remains undiminished by enactment of the Torture Victim Act." *Kadic v. Karadzic*, 70 F.3d 232, 241 (2d Cir. 1995).

Under the ATS authorities addressing forced labor, the record was insufficient as a matter of law. The international-law definition requires labor performed under the "menace of any penalty," does not extend to low wages, poor working conditions, or "situations of pure economic necessity," and instead requires "a severe violation of human rights and restriction of human freedom." *Velez v. Sanchez*, 693 F.3d 308, 321 (2d Cir. 2012). Courts applying the ATS have therefore required more than inadequate pay or harsh working conditions. *Id.*; *John Roe I v. Bridgestone Corp.*, 492 F. Supp. 2d 988, 1016 (S.D. Ind. 2007). But that is all the Order identified here: nonpayment, deadlines, generalized pressure, threatened exclusion from the project, and demands tied to NDAs and identification documents. ECF 82 at 14. The Order identified no evidence of physical restraint, confinement, abuse of legal process, deportation threats, confiscation of documents, or any comparable "menace of penalty." *Velez*, 693 F.3d at 321-22. Even drawing all inferences for Plaintiffs, the alleged conduct describes at most an unpaid and highly pressured remote collaboration, not ATS forced labor. Summary judgment therefore should

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER

have been granted on that claim.

### C.     The Order Erroneously Dispensed with the State-Action Requirement for ATS CIDT

Reconsideration is warranted because the Order appears to treat cruel, inhuman, or degrading treatment ("CIDT") as actionable under the ATS against private actors without any showing of state action or conduct under color of law. That is not the law. "Unlike war crimes (including war crimes claims based on acts of torture), independent claims of torture and cruel, inhuman, and degrading treatment ('CIDT') require state action or must be committed under color of law." *Al-Quraishi v. Nakhla*, 728 F. Supp. 2d 702, 747-48 (D. Md. 2010), *rev'd on other grounds sub nom,. Al-Quraishi v. L-3 Servs., Inc.*, 657 F.3d 201 (4th Cir. 2011), *appeal dismissed sub nom., Al Shimari v. CACI Int'l, Inc.*, 679 F.3d 205 (4th Cir. 2012); see *Al Shimari v. CACI Premier Tech., Inc.*, 263 F. Supp. 3d 595, 601 (E.D. Va. 2017) ("The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, 34 I.L.M. 590 (1995), speak in terms of actions committed by state actors or persons acting under color of law, torture claims are not actionable against private parties when not perpetrated in the course of genocide or war crimes[.]"). The decisions the Order cited do not support a no-state-action rule. *Sosa* did not involve CIDT at all. *See Sosa v. Alvarez-Machain*, 542 U.S. 692 (2004). *Doe v. Unocal* involved alleged collaboration with the Burmese military. *Doe v. Unocal Corp.*, 963 F. Supp. 880, 890-92 (C.D. Cal. 1997). *Shiguago* did not hold that private standalone CIDT is actionable without state action. *Shiguago v. Occidental Petroleum Corp.*, No. CV 06-4982 ODW (CWX), 2009 WL 10671585, at *4–5 (C.D. Cal. Aug. 5, 2009). At most, it recognized CIDT as a possible ATS norm under *Sosa* while discussing allegations tied to military conduct. *Id.* at *1-3. The Court therefore should have held that, absent state action or a color of law theory, Plaintiffs' CIDT claim fails as a matter of law.

MARTORELL LAW APC

Litigation & Trial Counsel

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER

**D.     The Order Did Not Address Defendant's Argument That the Alleged Conduct Does Not Substantively Constitute CIDT**

Reconsideration is also warranted because the Court did not address Defendant's argument that the alleged conduct here does not rise to cruel, inhuman, or degrading treatment under international law. *See* ECF 82 at 13-14; ECF 77-1 at 23. That omission matters because ATS CIDT is reserved for extreme mistreatment, not allegations that merely resemble emotional distress or workplace-abuse claims. *Mujica v. Occidental Petroleum Corp.*, 381 F. Supp. 2d 1164, 1183 (C.D. Cal. 2005) (holding the alleged conduct could not support ATS CIDT because recognizing the claim on those facts would permit foreign plaintiffs to litigate claims bearing a strong resemblance to intentional infliction of emotional distress); *Doe v. Qi*, 349 F. Supp. 2d 1258, 1322, 1324-25 (N.D. Cal. 2004) (holding the CIDT inquiry is conduct-specific and explaining that even serious alleged mistreatment may fall short where the specific conduct is not universally condemned as CIDT); *William v. AES Corp.*, 28 F. Supp. 3d 553, 565-67 (E.D. Va. 2014) (rejecting ATS CIDT claim because the alleged harms did not approach the severe mistreatment reflected in the authorities recognizing the norm); *In re S. Afr. Apartheid Litig.*, 617 F. Supp. 2d 228, 253 (S.D.N.Y. 2009) ("CIDT is the intentional infliction of mental or physical suffering, anguish, humiliation, fear, or debasement against a person in the offender's custody or control that nevertheless falls short of torture.")

Measured against that standard, Plaintiffs' allegations do not come close. The Order identified purported false promises of pay, pressure tied to future opportunities, threats of exclusion, NDA and identity related demands, extreme deadlines, and exposure to offensive material. ECF 82 at 13-14. Even accepting those allegations as true, that is not the type of severe, targeted mistreatment that ATS CIDT cases require. See *Doe v. Qi*, 349 F. Supp. 2d at 1323-25 (collecting cases involving beatings, torture, threats of death, humiliating detention conditions, and similarly egregious abuse); *William*, 28 F. Supp. 3d at 566-67 (contrasting

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER

MARTORELL LAW APC
Litigation & Trial Counsel

actionable CIDT authorities with conduct that, though serious, did not approach that level). At most, Plaintiffs allege a remote work arrangement that caused stress, humiliation, and emotional harm. Under *Mujica*, that is not enough. See *Mujica*, 381 F. Supp. 2d at 1183. Reconsideration is warranted because the Court did not address Yeezy's argument, and summary judgment should be entered on the CIDT theory.

### E. The Court Did Not Apply the Correct Joint-Employer Framework Under the FLSA

The Court failed to consider the joint employer analysis under the FLSA. The Order's employment analysis did not account for the legal significance of the separate entity structure that the Court separately recognized as undisputed. To the extent it may have done so, the application was based on legal error.

The Order acknowledged that YZYVSN and Yeezy were separate entities, that Plaintiffs operated through YZYVSN, and that the proposed acquisition of the YZYVSN app IP was never executed by Yeezy. ECF 82 at 7-8. It nevertheless moved from generalized project involvement—deadlines, meetings, NDAs, payment discussions, and alleged oversight—to the conclusion that a jury could find Plaintiffs were Yeezy employees.

Once the record showed work allegedly performed through a separate intermediary, the Court was required to confront two distinct questions: (1) whether the record established any FLSA employment relationship at all, as opposed to a co-ownership, startup, or IP acquisition-related arrangement; and (2) if some employment relationship existed through YZYVSN, whether Yeezy could also be treated as an employer under the FLSA's joint-employment framework. *See Morgan v. MacDonald*, 41 F.3d 1291, 1293 (9th Cir. 1994) (distinguishing between whether any employment relationship exists and which entity employed the worker); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 917 (9th Cir. 2003) ("Whether two companies constitute a single enterprise for FLSA coverage and whether they are

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER

liable as joint employers under § 207 are technically separate issues.").[2]  Where work is allegedly performed through an intermediary, the joint-employment inquiry turns on the economic reality of the worker's relationship with the alleged joint employer. *See Castillo v. Spencer's Air Conditioning & Appliance Inc.*, No. CV-22-00798-PHX-DWL, 2024 WL 706939, at *3 (D. Ariz. Feb. 21, 2024); *Torres-Lopez v. May*, 111 F.3d 633, 641 (9th Cir. 1997).  Here, the Court's findings of undisputed facts would have resulted in summary judgment being granted had this test been properly applied.  *See Castillo*, No. CV-22-00798-PHX-DWL, 2024 WL 706939, at *8 (joint employment may be resolved at summary judgment even where factors cut both ways).  To the extent the analysis that was done is considered to have been applied to the joint employment factors, that application was legal error, as explained in further detailed below.

### 1.    Yeezy Had No Power to Hire or Fire Plaintiffs

Despite having the burden of proof, Plaintiffs never argued or presented any evidence showing Yeezy had the power to hire/fire them from YZYVSN.  The undisputed facts show they were never hired by Yeezy.  ECF 82 at 8-9 (summarizing UMF Nos. 78-102).  Courts usually find the existence of a power to hire and fire to be held by the employer that controls who performs work.  *See Castillo*, No. CV-22-00798-PHX-DWL, 2024 WL 706939, at *9. Plaintiffs claimed the Discord server was their "workplace" but also admitted Yeezy had no control over access to that. ECF 82 at 8; ECF 70-2 at 46-48 (UMF Nos. 52-53).  The Court found that it was undisputed that Plaintiffs never had access to Yeezy's systems.  ECF 82 at 8-9 (UMF Nos. 78–102).  No evidence was ever presented by Plaintiffs, who had the burden here, showing any directives from Yeezy about who could and could not contribute

---

[2] There are both vertical and horizontal forms of joint employment. *Castillo v. Spencer's Air Conditioning & Appliance Inc.*, No. CV-22-00798-PHX-DWL, 2024 WL 706939, at *3 (D. Ariz. Feb. 21, 2024) (*citing Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1469 (9th Cir. 1983) and former 29 C.F.R. § 791.2(b)); *see Id.* at *3, n. 4 (explaining recent developments regarding this guidance).

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER

to the open source IP project.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

### 2.    Yeezy Did Not Supervise or Control Plaintiffs' Schedules or Conditions of Work

Plaintiffs' claims within their declarations merely asserted that Yeezy set inconvenient meeting times for some of them when the two entities met to discuss.  ECF 67-3 (K.S. Aff.), ¶¶ 8-9, 15, 26-29; ECF 67-4 (D.P. Aff.), ¶¶ 6-7.  There is no claim or evidence showing Yeezy ever could or did set any of the Plaintiffs' work schedules or conditions of employment.  The undisputed facts showed Plaintiffs joined YZYVSN prior to that entity having ever engaged with Yeezy.[3]  The Court's generalized finding that Yeezy personnel "directed work" is legally erroneous as applied because the inquiry relates to whether Yeezy controlled the manner in which work was performed and not just the fact that work was to be done.  *See Maddock v. KB Homes, Inc.*, 631 F. Supp. 2d 1226, 1236 (C.D. Cal. 2007) (control turns on how the work is performed, not merely that work is directed).

Similarly, the Court's reliance on the claim that Yeezy "controlled meetings" was erroneous regardless of whether that finding is intended to imply control over conditions or work schedules.  *See Id.* (control over hours worked is a significant part of the schedule-control inquiry).

The Court's finding that Yeezy set project deadlines also cannot properly support a joint employment finding under this framework.  *See Gonzales v. Sterling Builders, Inc.*, No. 08-CV-943-BR, 2010 WL 1875620, at *5 (D. Or. May 6, 2010) (project deadlines alone do not establish control over work conditions).

### 3.    Yeezy Did Not Determine Any Rate or Method of Payment

"While this factor clearly supports a joint employer finding where an entity actually pays the workers' wage or salary and handles the payroll, the Ninth Circuit

---

[3] *See* ECF 82 at 6-7 (first outreach to Yeezy on Mar. 17, 2024); ECF 67-4, ¶ 3 (D.P. joined Mar. 13, 2024); ECF 67-3, ¶ 4 (K.S. joined Mar. 16, 2024); ECF 67-2, ¶ 4 (DaCosta joined in March 2024).

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER

MARTORELL LAW APC
Litigation & Trial Counsel

defines this factor broadly to encompass other types of 'control of payment and the payroll' as well, including 'the power to determine the pay rates or the methods of payment of the workers.'" *Senne v. Kansas City Royals Baseball Corp.*, 591 F. Supp. 3d 453, 524 (N.D. Cal. 2022) (*quoting Torres-Lopez*, 111 F.3d at 643).

Here, the evidence demonstrated payment discussions exclusively related to the potential acquisition fee of YZYVSN, rather than payment of wages or salary for individuals for work performed. *See* ECF 82 at 7-8 (describing the Asset Purchase Agreement and "invoice emailed from YZYVSN to Yeezy"); ECF 77-8 (Unsigned Asset Purchase Agreement); ECF 67-33 (invoice); ECF 67-2 (DaCosta Aff.), ¶ 12, and ECF 67-3 (K.S. Aff.), ¶ 24 (both stating that compensation was to come once the app was completed and acquired). It was undisputed that Yeezy never paid any of the Plaintiffs and the Plaintiffs' declarations uniformly showed there was never any payment made to them.[4] It was thus error for the Court to construe this factor in favor of Plaintiffs. This is particularly true given that Yeezy could not have affected a rate or method of payment when there was never *any* payment in the first place.

The Order relied on its finding that Yeezy personnel "discussed payment" but failed to consider the nature of those discussions; the Court found it undisputed that such discussions related to the contemplated IP acquisition. ECF 82 at 7-8; *see* ECF 67-32 (Plaintiffs' Exhibit 32 showing discussion regarding IP acquisition). The Plaintiffs' declarations are vague on this subject and, with one exception, do not state whether those discussions related to the purchase of IP assets or for salary or wages for work performed. The only declaration that claims a promise of pay for work was R.M. who attested to a meeting on April 8, 2024. ECF 67-11, ¶ 9. However, neither R.M., nor anyone else, stated or otherwise identified evidence showing that Plaintiffs

---

[4] ECF 70-2 at 78 (UMF No. 90); ECF 77-2 (Yiannopoulos Dec.), ¶ 25; ECF 67-2 (DaCosta Aff.), ¶¶ 39, 40, 45, 52; ECF 67-3 (K.S. Aff.), ¶¶ 31, 37; ECF 67-4 (D.P. Aff.), ¶¶ 6, 13, 16, 19; ECF 67-8 (M.A. Aff.), ¶¶ 10, 11, 14; ECF 67-9 (Mofokeng Aff.), ¶¶ 14, 18, 20; ECF 67-10 (Jackson-Lea Aff.), ¶¶ 17, 18, 21; ECF 67-11 (R.M. Aff.), ¶¶ 13, 15, 18, 20; ECF 67-12 (Olatunji Aff.), ¶¶ 14, 18, 19, 21.

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER

MARTORELL LAW APC

Litigation & Trial Counsel

DaCosta and D.P. were at this meeting or were even informed of what was said. To the extent that it did so, it was error for the Court to allow this statement to preclude summary judgment on the FLSA claims for DaCosta and D.P.

### 4. Yeezy Maintained No Employment Records for Plaintiffs

The Court's own recitation of undisputed facts showed there were no employment records for Plaintiffs. *See* ECF 82 at 8-9 (summarizing UMF Nos. 78–102). Yet the Order's FLSA analysis relied on its finding that Yeezy "required NDAs and identity documents." ECF 82 at 16. That was error because those are not traditional employment records. *See Castillo v. Spencer's Air Conditioning & Appliance Inc.*, No. CV-22-00798-PHX-DWL, 2024 WL 706939, at *17 (D. Ariz. Feb. 21, 2024) (limiting "employment records" to traditional employment documents). NDAs and identification requests commonly arise outside employment relationships and are not inherently indicative of one. Nor were those documents even submitted into the evidentiary record on the motion.

### F. D.P.'s Overtime Claim Fails as He Performed No Overtime Work

Reconsideration is warranted as to D.P.'s FLSA overtime claim because the record did not contain evidence from which a reasonable jury could find that D.P. worked more than forty hours in any particular workweek. The FLSA requires overtime only for hours worked in excess of forty in a given workweek. 29 U.S.C. § 207(a)(1). Although a plaintiff need not prove damages with mathematical precision, he must still produce evidence sufficient to show the amount and extent of uncompensated work "as a matter of just and reasonable inference." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 456 (2016). Where the claim is for overtime, that requires evidence permitting the inference that the plaintiff exceeded forty hours in at least one workweek. *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644-46 (9th Cir. 2014).

D.P. did not make that showing. His affidavit states only that he worked "about 3.5 to 7 hours a day depending on the workflow," attended various meetings,

MARTORELL LAW APC
Litigation & Trial Counsel

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER

and spent "approximately 200 hours" on the YZYVSN project in total. ECF 67-4 (D.P. Aff.), ¶ 21. Those statements are too general to establish overtime liability. They do not identify how many days per week D.P. worked, do not identify any specific week in which his hours exceeded forty, and do not separate ordinary work from meeting time in any way that would permit a week-by-week calculation. At most, they show some uncompensated work, not unpaid overtime. That is not enough. *Landers*, 771 F.3d at 646 (insufficient where plaintiff failed to identify a specific workweek in which he worked more than forty hours without overtime).

The Order denied summary judgment on overtime at a high level, reasoning that "[e]ach Plaintiff has submitted declaration or affidavit evidence attesting to a certain number of hours worked without pay," but the example the Order gave was DaCosta, not D.P., and the Order did not identify any evidence that D.P. himself exceeded forty hours in any workweek. ECF 82 at 16-17. Since D.P.'s affidavit did not supply the missing workweek-specific showing required by 29 U.S.C. § 207(a)(1), summary judgment should have been granted on D.P.'s overtime claim.

### G. The Court Misapplied FEHA's Two-Part Extraterritoriality Test

Reconsideration of the Court's FEHA extraterritoriality analysis is warranted because there has been a misapplication of controlling law and the factual record as to elements of the relevant two-part test, for which Plaintiffs must satisfy both elements. *See Russo v. APL Marine Servs., Ltd.*, 135 F. Supp. 3d 1089, 1094 (C.D. Cal. 2015) ("[T]he extraterritorial application of FEHA is determined by the situs of both employment and the material elements of the cause of action, as opposed to residence of the employee or the employer."). Relevant here, the Court held as undisputed that: (1) the Overseas Plaintiffs resided in various foreign nations and that Plaintiff DaCosta resided in New York; (2) "[t]here is no evidence in the record that any plaintiff (other than D.P., a California citizen) performed work in California"; and, (3) "Plaintiffs performed their work entirely online[.]" ECF 82 at 9, 18-19. The Court also stated that "[t]he fact that work is done virtually or online does not nullify

MARTORELL LAW APC

Litigation & Trial Counsel

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER

the physical location of the person performing the service."  ECF 82 at 15.

### 1.    The Court Incorrectly Analyzed Situs of Employment

The Court misapplied the situs-of-employment inquiry by focusing not on where Plaintiffs worked, but on Yeezy's California headquarters and an asserted inference that employment decisions, supervision, and communications came from California.  *Id.* at 19.

This is a misapplication of the legal standard and appears to conflate it with the second prong of the two-part test.  The courts that have applied this substantial connection analysis focus on "the location where the *employee's work* holds a substantial connection to" rather than where the employer or others were located. *Sexton v. Spirit Airlines, Inc.*, No. 2:21-CV-00898-TLN-AC, 2023 WL 1823487, at *3-4 (E.D. Cal. Feb. 8, 2023) (noting California authority focuses on where employees perform their work and finding no California situs where plaintiff showed no California work assignment) (*emphasis added*); *see Hill v. Workday, Inc.*, 773 F. Supp. 3d 779, 794 (N.D. Cal. 2025) (holding a remote employee's situs of employment was Maryland because he lived and worked there, not California); *Elzeftawy v. Pernix Grp., Inc.*, 477 F. Supp. 3d 734, 777–78 (N.D. Ill. 2020) (focusing on "primary work location")[5]

No California state court appears to have articulated this third "substantial connection" option for FEHA.  The federal decisions that invoke it trace back to *Ward v. United Airlines, Inc.* which addressed Labor Code extraterritoriality and focused on whether the employee's principal place of work or base of operations was in California.  *Ward v. United Airlines, Inc.*, 9 Cal. 5th 732, 740, 755-756 (2020).

Thus, since it was undisputed that the Overseas Plaintiffs and DaCosta both

---

[5] "But despite including a detailed work history dating back to 1999, nowhere in the April 2018 Charge does Elzeftawy ever mention working in California. And most importantly, of course, he also concedes that he was working on a U.S. government project in South Korea at the time of the injury. So even giving Elzeftawy the benefit of all reasonable inferences, the facts point to minimal work-related contact with California."  *Elzeftawy v. Pernix Grp., Inc.*, 477 F. Supp. 3d 734, 778 (N.D. Ill. 2020).

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER

MARTORELL LAW APC
Litigation & Trial Counsel

resided outside California and performed their work entirely online and that there was no evidence that any Plaintiff other than D.P. performed work in California, the Court should have held that the situs of employment was not in California and these FEHA claims failed as a matter of law.

### 2.  Court Incorrectly Located the Material Elements of Plaintiffs' FEHA Claims

The second part of the test requires determining the location of the material elements giving rise to the claims.  *Eng. v. Gen. Dynamics Mission Sys., Inc.*, 808 F. App'x 529, 530 (9th Cir. 2020) (requiring that a crucial element of the claim occur in California to avoid impermissible extraterritorial application).  Here, the Court denied summary judgment because "Plaintiffs submit[ted] evidence that the individuals who had decision-making authority over employment decisions and ultimately created what Plaintiffs characterize as a hostile workplace environment worked and resided in California." ECF 82 at 19.  This was both a misapplication of the law and a misapprehension of the factual record.

***First***, the Court incorrectly applied the law by conflating the analysis for the discrimination and harassment claims even though those claims are premised on different elements.  A discrimination claim looks to where the act or decision was made and a harassment claim focuses on the physical location where the plaintiff was subjected to or experienced the harassing behavior.  *See Eng. v. Gen. Dynamics Mission Sys., Inc.*, 808 F. App'x 529, 530 (9th Cir. 2020) (locating harassment where plaintiff experienced the hostile work environment and discrimination where the termination decision was made).  This reflects that FEHA discrimination claims are premised on adverse employment actions against a plaintiff, such as termination or demotion, and harassment claims are based on the environment experienced by the plaintiff.  *See Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 355 (2000) (identifying adverse employment action as an element of a FEHA discrimination claim); *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013) (identifying hostile

MARTORELL LAW APC

Litigation & Trial Counsel

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER

work environment as an element of a FEHA harassment claim and distinguishing harassment from personnel management actions); *see also Roby v. McKesson Corp.*, 47 Cal. 4th 686, 706 (2009) (explaining that harassment concerns an intolerable workplace environment created by offensive messages to the employee).

**Second**, in considering the Court's analysis as applied to the discrimination claims, the Court did not make the necessary findings required for its conclusion that the situs of the material elements were in California. In looking at where the act or decision constituting a discrimination claim was made, courts cannot base their decision on general assertions, but must specifically identify (1) the exact acts or decisions constituting the discrimination, (2) the individuals who engaged in those acts or decisions, and (3) where those individuals were physically located at the time the of the acts or decisions. *See Loza v. Intel Americas, Inc.*, No. C 20-06705 WHA, 2020 WL 7625480, at *4 (N.D. Cal. Dec. 22, 2020) (dismissing FEHA claim where the complaint did not identify who made the firing decision or where that person was located); *Gonsalves v. Infosys Techs., LTD.*, No. C 09-04112 MHP, 2010 WL 1854146, at *6 (N.D. Cal. May 6, 2010) (dismissing FEHA claim for failing to identify who acted, where, and against whom); *cf. Sims v. Worldpac Inc.*, No. C 12-05275 JSW, 2013 WL 663277, at *3 (N.D. Cal. Feb. 22, 2013) (specific allegations of who acted and where were sufficient at pleading stage). Absent this specified connection to California, the presumption against the extraterritorial application of FEHA stands. *See Campbell v. Arco Marine, Inc.*, 42 Cal. App. 4th 1850, 1858–59 (1996) (rejecting application of FEHA where plaintiff worked outside California and rejecting the view that FEHA applies to all California-based employers regardless of where the employee resides or where the tortious conduct occurred); *Ward v. United Airlines, Inc.*, 9 Cal. 5th 732, 757 (2020) (explaining the presumption against extraterritoriality and that California employment law ordinarily applies to work performed in California).

Here, the Court did not attribute any specific acts or decisions to any

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER

MARTORELL LAW APC
Litigation & Trial Counsel

individuals that could constitute adverse employment actions forming the basis of discrimination claims. Importantly, the record contained no evidence of the location of any of these individuals—who were only alleged to have engaged in discriminatory conduct. Given this lack of absolute evidence, and the Court's finding that the Overseas Plaintiffs and DaCosta lived and worked entirely outside of California, it was error for the Court to hold that there was a material dispute on the situs of the discrimination claims given the presumption against the extraterritorial application of FEHA.

*__Third__*, as to the FEHA harassment claims, the Court misapplied the law by focusing on the location of "the individuals who had decision-making authority over employment decisions and ultimately created what Plaintiffs characterize as a hostile workplace environment." ECF 82 at 19. Whether the content that Plaintiffs considered harassing originated in California is irrelevant because the law requires the focus to be on where the Plaintiffs experienced the harassment themselves. *See Eng. v. Gen. Dynamics Mission Sys., Inc.*, 808 F. App'x 529, 530 (9th Cir. 2020). That is because harassment claims require a hostile work environment and, as the Court itself noted, "[t]he fact that work is done virtually or online does not nullify the physical location of the person performing the service." ECF 82 at 15. Since there was no "no evidence in the record that any plaintiff (other than D.P., a California citizen) performed work in California" and that it was undisputed that they all lived outside and worked outside of California, the Court should have granted summary judgment as to the FEHA harassment claims for the Overseas Plaintiffs and DaCosta. ECF 82 at 19.

*__Fourth__*, to the extent this may applicable here, it was error for the Court to find an "inference" that "key employment decisions were made in California, and that supervision and communications came from California-based personnel" based entirely on the fact that it was "undisputed that Yeezy's principal place of business is in Los Angeles, California." ECF 82 at 19. Such an inference cannot be supported

MARTORELL LAW APC

Litigation & Trial Counsel

26

by that finding. Yeezy's place of incorporation and principal place of business does not actually prove the location of any specific individual at a specific point in time. *See Loza v. Intel Americas, Inc.*, No. C 20-06705 WHA, 2020 WL 7625480, at \*4 (N.D. Cal. Dec. 22, 2020) (holding that a defendant's California principal place of business does not establish California situs absent allegations tying California-based personnel to the challenged decision). Such an inference automatically imposes a de facto assumption that all conduct of Yeezy's employees and agents, at all points in time, occurred in California because that is where the company is formally located. That contravenes California law. *See Campbell v. Arco Marine, Inc.*, 42 Cal. App. 4th 1850, 1859 (1996) ("Appellant would have the law applied to all California-based employers regardless of where the aggrieved employee resides and regardless of where the tortious conduct took place. We reject that view.").

### H. The Court Did Not Address Yeezy's Argument that Plaintiffs' FEHA Claims Were Precluded by the Remuneration Requirement

Reconsideration is warranted as to all FEHA claims because the Court did not consider Yeezy's argument that Plaintiffs' claims were precluded by FEHA's remuneration requirement. *See* ECF 77-1 at 26. This is because their entire theory is that they were employees of Yeezy; yet, FEHA requires that, in order to be considered an employee, one must have received remuneration. *See Talley v. Cnty. of Fresno*, 51 Cal. App. 5th 1060, 1091 (2020) (holding remuneration is essential to FEHA employee status); *Raines v. U.S. Healthworks Med. Grp.*, No. 19-CV-1539-DMS-DEB, 2024 WL 3850812, at \*6 (S.D. Cal. Aug. 16, 2024) (same). Summary judgment should have been granted on the FEHA claims because it was undisputed that Yeezy never paid Plaintiffs.[6]  However, the Court did not address this unique

---

[6] ECF 70-2 at 78 (UMF No. 90); ECF 77-2 (Yiannopoulos Dec.), ¶ 25; ECF 67-2 (DaCosta Aff.), ¶¶ 39, 40, 45, 52; ECF 67-3 (K.S. Aff.), ¶¶ 31, 37; ECF 67-4 (D.P. Aff.), ¶¶ 6, 13, 16, 19; ECF 67-8 (M.A. Aff.), ¶¶ 10, 11, 14; ECF 67-9 (Mofokeng Aff.), ¶¶ 14, 18, 20; ECF 67-10 (Jackson-Lea Aff.), ¶¶ 17, 18, 21; ECF 67-11 (R.M. Aff.), ¶¶ 13, 15, 18, 20; ECF 67-12 (Olatunji Aff.), ¶¶ 14, 18, 19, 21.

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER

MARTORELL LAW APC
Litigation & Trial Counsel

FEHA argument and instead applied its FLSA analysis to the FEHA inquiry.  ECF 82 at 17, fn. 8.  As such, this merits reconsideration.

### I. The Court Erred by Allowing FEHA Harassment Claims Based on Plaintiffs' Youth

The Court's holding that Plaintiffs may pursue harassment claims based on their youth is clear error.  The Court accepted Plaintiffs' opposition "clarification" that "evidence as to harassment based on their youth is not to support a traditional age discrimination claim, but is relevant as to whether the minors were subjected to a hostile work environment."  ECF 82 at 20.  But neither theory is permissible.  FEHA defines "age" to mean only the age of an individual who "has reached a 40th birthday."  Cal. Gov't Code § 12926(b).  A FEHA harassment claim therefore cannot be based on youth, because harassment must be because of a protected characteristic. *See Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013). The hostile work environment inquiry does not change that requirement.  Although the issue arises infrequently, unpublished California authority is consistent.  *See Camara v. Cnty. of Stanislaus*, No. F061912, 2012 WL 3026547, at *3–6 (Cal. Ct. App. July 25, 2012) (dismissing 37-year-old's FEHA age harassment and discrimination claims).  Reconsideration is thus warranted and summary judgment should be granted on D.P.'s and M.A.'s FEHA age-based harassment claims.

### J. The Court Erred by Treating Exposure to Sexual Content as Sufficient Without Harassment *Because of* Sex

Reconsideration is warranted because the Court allowed the sex-based harassment claims to proceed on the view that "whether exposure to the images … created a hostile work environment [] is a disputed question of fact for the jury." ECF 82 at 20.  But exposure alone is not enough. A FEHA hostile-environment claim requires conduct that creates an abusive workplace because of the plaintiff's sex. *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 278-79 (2006).  And in *Lewis v. City of Benicia*, 224 Cal. App. 4th 1519, 1530 (2014), the court affirmed

MARTORELL LAW APC
Litigation & Trial Counsel

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER

summary judgment even though a supervisor showed pornographic images to the plaintiff and others, because there was no evidence the conduct was because of sex. Here too, Plaintiffs presented no evidence that any of the purported "Yeezy Porn" was directed at any Plaintiff because of sex. Summary judgment therefore should have been granted on the sex-based harassment claims, particularly as to D.P., whose FEHA theories were limited to age and sex.

### K.    The Court Applied the Wrong FEHA Imputation Framework

The Court's FEHA imputation analysis should be reconsidered because it applied the wrong framework. Rather than applying FEHA's actual employer-liability rules, the Order treated imputation as turning on a generalized dispute over "actual or apparent authority" and "control, knowledge, and ratification." ECF 82 at 20-21. That is not the analysis FEHA requires. FEHA imposes different liability standards depending on whether the alleged harasser is a supervisor, a non-supervisory employee, or a non-employee. *State Dep't of Health Servs. v. Sup. Ct.*, 31 Cal. 4th 1026, 1040-41 (2003); Cal. Gov't Code § 12940(j)(1). For supervisor harassment, FEHA imposes strict liability. *State Dep't of Health Servs.*, 31 Cal. 4th at 1041. For non-supervisory employee harassment, the standard is negligence: "The employer is liable for harassment by a nonsupervisory employee only if the employer (a) knew or should have known of the harassing conduct and (b) failed to take immediate and appropriate corrective action." *Id.* For non-employee harassment, FEHA likewise requires this same non-supervisory analysis, while also directing courts to consider the extent of the employer's control and other legal responsibility over the nonemployee and the work environment. Cal. Gov't Code § 12940(j)(1). The Order did not perform that threshold categorization at all.

That omission matters because FEHA does not permit imputation to turn on a free-floating theory of "apparent authority." Whether an alleged harasser is a supervisor turns on the statutory definition, not on a plaintiff's perception that the

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER

MARTORELL LAW APC

Litigation & Trial Counsel

person seemed influential or important. *See* Cal. Gov't Code § 12926(t).[7] The Court therefore should have analyzed, person by person, whether each alleged harasser possessed actual delegated authority within the meaning of section 12926(t), whether any such person was instead merely a nonsupervisory coworker, or whether the person was not a Yeezy employee at all. *Id.* That inquiry was outcome-determinative because "characterizing the employment status of the harasser is very significant." *Doe v. Cap. Cities*, 50 Cal. App. 4th 1038, 1046 (1996). Indeed, as the Order recognized, the Plaintiffs' primary connection to Yeezy, "Mr. Venezia[,] never had authority to make promises on the company's behalf, to bind the company in any way, to supervise any existing Yeezy staff or contactors, or to terminate employees." ECF 82 at 8. Thus, under the FEHA framework, whether "Mr. Yiannopoulos, Ms. Censori, and Ye vested Mr. Venezia with apparent authority" is not relevant.[8] *Id.*

It is true that older California appellate authorities state that agency principles may be relevant in determining whether off-site or non-traditional conduct occurred in a sufficiently work-related context. *Doe v. Cap. Cities*, 50 Cal. App. 4th 1038, 1048-49 (1996) (identifying factors for whether alleged conduct is sufficiently work-related for FEHA liability). However, that relevance is questionable now given the California Court of Appeal's recent guidance in *Kruitbosch,* which articulated a number of factors to determine whether conduct is sufficiently work-related. *See Kruitbosch v. Bakersfield Recovery Servs., Inc.*, 114 Cal. App. 5th 200, 218-19 (2025) (identifying factors for whether conduct is sufficiently work-related).

Even though *Kruitbosch* was argued by Yeezy, the Court did not address these

---

[7] "'Supervisor' means any individual having the authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or the responsibility to direct them, or to adjust their grievances, or effectively to recommend that action, if, in connection with the foregoing, the exercise of that authority is not of a merely routine or clerical nature, but requires the use of independent judgment." Cal. Gov't Code § 12926(t).

[8] The Plaintiffs did not actually submit any declarations "attesting that Mr. Yiannopoulos, Ms. Censori, and Ye vested Mr. Venezia with apparent authority." ECF 82 at 8. In response to UMF No. 58, Plaintiffs only pointed to other parts of Mr. Yiannopoulos' declaration. *See* ECF 70-2 at 51 (UMF No. 58).

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER

factors—which would have should have resolved in Yeezy's favor given that, as the Order recognized, "it is undisputed that YEEZY LLC and YZYVSN are separate business entities," "no one from Yeezy was ever invited to, or joined, the YZYVSN Discord," and "Yeezy did not create, control, maintain, administer, or have any knowledge or oversight whatsoever of any Discord servers or channels, before, during or after the failed acquisition of YZYVSN." ECF 82 at 7-8. The Court's holding here appears to contradict this record. *See* ECF 82 at 20.

Importantly, Plaintiffs never submitted a single item of evidence, or made any specific statement in a declaration, establishing that a Yeezy supervisor or employee ever had control of—or was actually present in—YZYVSN's Discord channel, which is where Plaintiffs allege the harassment occurred. The Court's failure to recognize this was a manifest error which requires reconsideration. Indeed, Plaintiffs did not dispute, and even admitted, that Yeezy LLC did not create the Discord channel within which the YZYVSN App was developed and that none of the moderators were Yeezy employees. ECF 70-2 at 46-48 (UMF Nos. 52 & 53).

**L.      The Court Allowed Fraud to Proceed on an Expanded Theory and Without the Required Showing of Promissory Fraud**

Reconsideration is warranted because the Court denied summary judgment on fraud without applying the claim as pleaded and without analyzing the alleged misrepresentations with the specificity California law requires. The FAC pleads fraud based on alleged promises that Plaintiffs would be paid for work on the YZYVSN App and would receive additional employment opportunities and benefits. ECF 19 ¶¶ 341-345. However, the Court denied summary judgment based on a broader theory, accepting Plaintiffs' characterization that the claim also included representations that the app was being acquired, that Plaintiffs' work was being used for an "official Yeezy product," and that future opportunities, compensation, and recognition would follow. ECF 82 at 21-22. That was legal error. Fraud must rest on a specific actionable misrepresentation, not a shifting set of generalized

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER

MARTORELL LAW APC

Litigation & Trial Counsel

MARTORELL LAW APC

Litigation & Trial Counsel

inducement theories. *Lazar v. Superior Ct.*, 12 Cal. 4th 631, 638 (1996); *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157-58 (1991).  Importantly, summary judgment is not a vehicle to expand an inadequately pleaded claim.  *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006).  Further, the Court found there was no evidence of volunteer agreements even though Plaintiffs admitted to these in their complaint.  *See, e.g.*, ECF 19, ¶¶ 53, 215, 231, 246, 271; *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (factual assertions in pleadings are judicial admissions).

The Court also did not properly apply California promissory fraud law.  Its reasoning effectively treated promised payment, substantial work, delay, and later nonpayment as enough to support scienter.  ECF 82 at 21-22.  That is not the law.  Promissory fraud requires evidence that the promise was false when made and nonperformance, delay, or a failed transaction is not enough.  *Tenzer v. Superscope, Inc.*, 39 Cal. 3d 18, 30–31 (1985); *Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Assn.*, 55 Cal. 4th 1169, 1183 (2013).  The Court never identified the required "something more" as to any particular plaintiff or speaker, and it did not reconcile its ruling with its own findings that YZYVSN was a separate entity and that no one signed the Asset Purchase Agreement on behalf of Yeezy.  ECF 82 at 7-8, 21-22.  Those facts are at least as consistent with failed negotiations or an unconsummated business arrangement as with promissory fraud.  Reconsideration is therefore warranted, and summary judgment should be entered, or at a minimum the claim should be narrowed to any actually pleaded, plaintiff-specific, Yeezy-attributable payment-promise theory.

**M.    The Court Did Not Apply the Required Quantum Meruit Elements**

Reconsideration is warranted because, although the Court stated the general elements of quantum meruit, it did not apply them to the record before it.  The Order denied summary judgment because Plaintiffs submitted declarations stating that they expected compensation based on Defendant's representations.  ECF 82 at 22-23.

However, quantum meruit requires more than a plaintiff's unilateral expectation of payment. A plaintiff must show an express or implied request for services by the defendant, a benefit conferred on the defendant, and circumstances showing that both sides understood compensation would be paid. *Cnty. of Santa Clara v. Superior Ct.*, 14 Cal. 5th 1034, 1049-50 (2023). The Order did not identify evidence satisfying those elements plaintiff by plaintiff.

That omission matters because the Court's own findings materially undercut the required elements. The Court found that YZYVSN was a separate entity and that the Asset Purchase Agreement was never signed on behalf of Yeezy. ECF 82 at 7-8. Those facts undermine any inference that Plaintiffs understood they would be paid as individuals. It further undermines the argument of rendered services to Yeezy at Yeezy's request, as opposed to performing work for YZYVSN or in connection with a hoped-for transaction involving the app. ECF 82 at 7-8. California law does not permit quantum meruit recovery merely because work may have indirectly benefited a party that later discussed a business deal. *Day v. Alta Bates Med. Ctr.*, 98 Cal. App. 4th 243, 248-50 (2002). Nor does it permit recovery based on an expectation of some future upside untethered to payment by the defendant for the services rendered. *Payne v. Bank of Am. Nat'l Tr. & Sav. Ass'n*, 128 Cal. App. 2d 295, 304 (1954). The controlling expectation is the one that existed when the services were rendered. *Id.* The Order did not address that requirement. ECF 82 at 22-23.

Reconsideration is therefore warranted. Given the Court did not apply the elements it recited to the separate-entity facts it elsewhere found, summary judgment should be entered on Count Nine. At minimum, the claim should be narrowed to any plaintiff-specific services allegedly requested by Yeezy and rendered under a mutual expectation of direct payment from Yeezy. ECF 82 at 7-8, 22-23.

## IV.   CONCLUSION

For the foregoing reasons, Yeezy respectfully requests the Court grant this motion for reconsideration.

MARTORELL LAW APC
Litigation & Trial Counsel

Dated:  April 17, 2026

**MARTORELL LAW APC**

 */s/ Evan Miller*
Eduardo Martorell
Christopher A. Rosario
Evan Miller

*Attorneys for Defendant,*
*Yeezy LLC*

DEFENDANT YEEZY LLC'S MPA ISO MOTION FOR RECONSIDERATION OF MSJ ORDER