UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**(REDACTED)**
**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-05547-MWC-E Date: August 31, 2026

Title: Shemar DaCosta *et al* v. Yeezy LLC *et al*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER GRANTING PETITION FOR MINOR'S COMPROMISE (DKT. [131]); [redacted]; ORDERING DEPOSIT OF FUNDS (DKTS. [135], [136], [137], [138], [139], [140]); AND SETTING ORDER TO SHOW CAUSE RE DISMISSAL.**

Before the Court is a petition to approve the compromise of minors' claims ("Petition") filed by Petitioner Nicolitsa Pitsos ("Pitsos"), as guardian ad litem of a minor ("D.P.") and Zalán Antal ("Antal," collectively with Pitsos known as the "Guardians"), as Guardian ad Litem of M.A., a minor ("M.A.," collectively with D.P. known as the "Minors"). Dkt. # 131 ("*Pet.*").

Plaintiffs also filed the Declarations of Jordanna G. Thigpen ("*Thigpen Decl.*"), Dkt. # 131 at 33–46; Benjamin C.R. Lockyer ("*Lockyer Decl.*"), Dkt. # 131 at 90–96; Nicolitsa Pitsos ("*Pitsos Decl.*"), Dkt. # 131 at 97–99; Zalan Antal ("*Antal Decl.*"), Dkt. # 131 at 100–102. As exhibits to the Thigpen Declaration, [redacted] and the attorneys' Engagement Agreements with D.P. (Dkt. # 131 at 70–79, "*Ex. 2A*") and M.A. (Dkt. # 131 at 80–89, "*Ex. 2B*"). Plaintiffs also filed the following Judicial Council Forms with respect to D.P.: MC-350, Dkt. # 135; MC-025, Dkt. # 135 at 11; MC-355, Dkt. # 139; MC-351, Dkt. # 137; and MC-356, Dkt. # 140. Lastly, Plaintiffs filed the following Judicial Council forms with respect to M.A.: MC-350, Dkt. # 136; MC-025, Dkt. # 136 at 11; and MC-351, Dkt. # 138.

Defendant Yeezy LLC ("Defendant") did not oppose. *See Pet.* 2; *Thigpen Decl.* ¶ 11; *Lockyer Decl.* ¶ 10. The matter came on for hearing on August 28, 2026. Having

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-05547-MWC-E Date: August 31, 2026

Title: Shemar DaCosta *et al* v. Yeezy LLC *et al*

considered the moving papers and oral argument presented at the hearing, the Court **GRANTS** the Petition.

I. Background

The Court incorporates the factual background and procedural history outlined in its April 3, 2026, order granting in part and denying in part Defendant's motion for summary judgment. *See* Dkt. # 82. It includes below only what is necessary to resolve the instant Petition.

Plaintiffs asserted causes of action for Forced Labor Under the Alien Tort Statute; Cruel, Inhuman, or Degrading Treatment Under the Alien Tort Statute; Failure to Pay Minimum Wage (FLSA, 29 U.S.C. § 201 *et seq.*); Failure to Pay Overtime (FLSA, 29 U.S.C. § 201 *et seq.*); Hostile Work Environment (California Fair Employment and Housing Act ("FEHA"), California Government Code §§ 12900 *et seq.*); Discrimination (California FEHA); Failure to Prevent Harassment (California FEHA); Fraud – Intentional Misrepresentation; Quantum Meruit – Work Already Done. *See* Dkt. # 1 ("*Compl.*").

On August 8, 2026, Minors filed an Unopposed Petition for Minor's Compromise. *See* Dkt. # 131. The Petition alleges as follows:

D.P. and M.A. performed work for Defendant Yeezy LLC and were not paid for their services, and that they suffered other damages. *Pet.* 4. Yeezy, LLC denied those claims. *Id.* The Minors filed this action along with two other then-minor plaintiffs and four adult plaintiffs who alleged similar claims. *Id.* The Parties litigated the action and reached a settlement before trial, which spared the Parties the cost of trial. Plaintiffs' Counsel agreed to a reduced rate and agreed to a significant reduction of their incurred attorneys' fees to ensure that the Minors maximize the settlement proceeds, and to enable a full settlement without further litigation. *Id.*

A. Minor M.A.

The Petition asserts that M.A. is a minor child who is a Hungarian resident and non-U.S. citizen, and that Mr. Antal, M.A.'s guardian ad litem, is a resident of the Netherlands. *Pet.* 2; *Antal Decl.* ¶¶ 1, 3. [redacted] M.A. contends that he performed work for Defendant Yeezy LLC and was not paid for his services, and that he suffered other damages. *Pet.* 2. [redacted]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-05547-MWC-E Date: August 31, 2026

Title: Shemar DaCosta *et al* v. Yeezy LLC *et al*

[redacted]

B. Minor D.P.

The Petition asserts that D.P. is a minor child who is a California resident and citizen of the United States, and that Ms. Pitsos, D.P.'s guardian ad litem, is a California resident and United States citizen. *Pet.* 2; *Antal Decl.* ¶¶ 1, 3. [redacted] D.P. contends that he performed work for Defendant Yeezy LLC and was not paid for his services, and that he suffered other damages. *Pet.* 2. [redacted]

C. [redacted] Creation of Blocked Accounts

[redacted]

[redacted]

The Minors seek to have their portion of the settlement funds transferred from the escrow account where they are currently being held to the Court for M.A. and to a blocked account for D.P. *Pet.* 5; *Thigpen Decl.* ¶ 33. The Petition requests that the Court order [redacted] laintiffs' Counsel represents that they will request an order for disbursement no more than thirty (30) days prior to M.A.'s eighteenth birthday and will

file a one-page notice of compliance with the Court's Order when the transfer to each of the minors is complete. *Pet.* 6; *Thigpen Decl.* ¶ 34.

*i. Account Creation as to M.A.*

Antal attests to having difficulty establishing a trust for M.A. which would comply with this Court's requirements. *Antal Decl.* ¶¶ 8–9. Antal states that, beginning in mid-June 2026 and continuing through July 6, 2026, Antal attempted to set up a blocked trust account in the Netherlands for M.A. so that only M.A., and not his guardian ad litem, can access the funds once M.A. reaches the age of majority. *Id.* ¶ 8. Antal attests to having contacted multiple Dutch banks, visiting bank branches, opening an account, and contacting Dutch civil-law notaries, only to learn that the Dutch banking system does not provide for a legal escrow or blocked account that would meet the Court's requirements. *Id.* ¶¶ 8–9.

Antal therefore requests that the Court order either: (a) deposit of the funds for M.A. into the Client Trust Account for Lockyer Law LLC or Thigpen Legal, P.C., to be paid to him when he turns eighteen [redacted]; (b) deposit of the funds for M.A. into this Court, to be released to Plaintiffs' Counsel upon further application when he turns eighteen [redacted]; or (c) such further scenario as the Court may order at its discretion to ensure receipt of the funds by M.A. when he turns eighteen. *Id.* ¶ 10; *Pet.* 4.

*ii. Account Creation as to D.P.*

Pitsos requests that the settlement proceeds be deposited into a trust account that she established for D.P. [redacted], to be held until D.P. reaches the age of majority, subject to withdrawal only upon further order of this Court. *Pet.* 4; *Pitsos Decl.* ¶ 7.

D. <u>Attorneys' Fees</u>

The Petition asserts that Plaintiffs had two counsel: Lockyer Law LLC and Thigpen Legal, P.C. *Pet.* 9. Plaintiffs represent that Thigpen Legal, P.C. spent a total of 429.9 hours of attorney time to litigate and resolve this matter (not including law clerk and paralegal time that is waived), for a total fee bill of $419.152.50 (not including costs that are waived) for the work performed to litigate this matter. *Pet.* 9; *Thigpen Decl.* ¶ 36. Plaintiffs represent that Lockyer Law LLC spent a total of at least 172.6 hours of attorney time to litigate and

resolve this matter (not including law clerk and paralegal time that is waived), for a total fee bill of $129,450 (plus $4,000 in costs) for the work performed to litigate this matter. *Pet.* 9; *Lockyer Decl.* ¶ 28. The Petition states that Plaintiffs' Counsel has agreed to forego filing a separate application for attorneys' fees, and/or significantly reduce the attorneys' fees by approximately [redacted] to enable the Parties to reach a settlement that is beneficial for the Minors, further maximizing the monetary recovery for the Minors. *Pet.* 9; *Thigpen Decl.* ¶ 36; *Lockyer Decl.* ¶ 29. Accordingly, the Petition requests approval for payment of [redacted] to Lockyer Law LLC and [redacted] to Thigpen Legal P.C. *See* Dkt. # 131 at 105 ("*Proposed Order*").

The amount of proceeds set aside for each minor will be reduced by costs and attorneys' fees. *Pitsos Decl.* ¶ 6; *Antal Decl.* ¶ 6; *Thigpen Decl.* ¶ 37; *Lockyer Decl.* ¶ 39. Accordingly, each minor's proceeds will be reduced by [redacted] *See* Judicial Council Form MC-025 (Dkt. # 135 at 11, Dkt. # 136 at 11). [redacted]

II. Legal Standard

Under the Local Rules for the Central District of California, the Court must approve the settlement of the claims of a minor: "No claim in any action involving a minor . . . shall be settled, compromised, or dismissed without leave of the Court embodied in an order, judgment, or decree." C.D. Cal. L.R. 17-1.2.

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the context of evaluating proposed settlements in suits involving minor plaintiffs, the district court has a special duty to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (*quoting Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). This special duty requires the district court to consider "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1182.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-05547-MWC-E Date: August 31, 2026

Title: Shemar DaCosta *et al* v. Yeezy LLC *et al*

III. Discussion

A. Whether the Net Recovery to Minors is Fair and Reasonable

"[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (omitting internal citation). In cases involving the settlement of a minor's federal claims, district courts should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel – whose interests the district court has no special duty to safeguard." *Robidoux*, 638 F.3d at 1181–82 (citation omitted). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.* at 1182.

[redacted]

There is scant case law on minors' compromises involving similar claims at issue for the Court to compare. [redacted]

Guardians and Plaintiffs' counsel further explained the sufficiency of the settlement amount at the August 28, 2026, hearing.

Upon consideration of the facts of the case, the Minors' claims, the risks of prolonged litigation and trial, the Court concludes that the proposed compromise is fair and reasonable.

B. <u>Procedural Requirements</u>

Local Rule 17-1.3 requires that "[i]nsofar as practicable, hearings on petitions to settle, compromise, or dismiss a claim in an action involving a minor or incompetent person shall conform to Cal. Civ. Proc. Code § 372 and California Rule of Court 3.1384." C.D. Cal. L.R. 17-1.3. California Code of Civil Procedure § 372 governs the appointment of a guardian ad litem where a minor is a party in a lawsuit to protect the minor's interest. California Rule of Court 3.1384 indicates that a petition for compromise of a minor's claim "must comply with [California Rules of Court] 7.950, 7.951, and 7.952." Cal. R. Ct. 3.1384. The Court examines each of these rules in turn.

*i. California Rule of Court 7.950*

California Rule of Court 7.950 states that the petition "must contain a full disclosure of all information that has any bearing upon the reasonableness of the compromise." Cal. R. Ct. 7.950. It also provides that the petition must "be verified by the petitioner" and "must be prepared on a fully completed Petition to Approve Compromise of Disputed Claim or Pending Action or Disposition of Proceeds of Judgment for Minor or Person With a Disability (form MC-350)." *Id.* The Petition discloses the information required by California Rule of Court 7.950, so this requirement is satisfied. *See* Dkts. # 135, 136.

*ii. California Rule of Court 7.951*

California Rule of Court 7.951 provides that if the petitioner is represented by counsel, the petition must disclose, among other things, their identity, firm, and contact information; any involvement initiated by opposing parties or insurers; any concurrent representation of other parties; all compensation received or expected for work related to the petition; and the terms of their agreement with the petitioner. Cal. R. Ct. 7.951.

The Petition provides the information required by California Rule of Court 7.951, satisfying this requirement. *See Pet.* 2; *Thigpen Decl.* ¶ 38; *Thigpen Decl.*, Exs. 2A, 2B (Dkt. # 131 at 70–89); *Lockyer Decl.* ¶ 39.

*iii. California Rule of Court 7.952*

California Rule of Court 7.952 requires that "[t]he person compromising the claim on behalf of the minor . . . and the minor . . . must attend the hearing on the compromise of the claim unless the court for good cause dispenses with their personal appearance." Cal. R. Ct. 7.952(a). *See C.B. v. Sonora Sch. Dist.*, No. 1:09-cv-00285-OWW-SMS, 2010 WL 703191, at *3-5 (E.D. Cal. Feb. 25, 2010) (dispensing with the minor's personal appearance given guardian's appearance at the hearing and explanation that "[t]he minor . . . is developmentally disabled, and . . . the experience of coming to court would have been too traumatic").

Each of the Minors and both Guardians appeared and testified at the August 28, 2026, hearing,[1] and at the time of the hearing, the Court had already found sufficient cause to dispense with the requirement of the minors' personal appearance, *see* Dkt. # 121. Thus, this requirement is satisfied.

*iv. California Rule of Court 7.955*

Although a court need not consider the amount of attorney's fees in determining whether a settlement is fair and reasonable to a minor, the court must nonetheless approve the amount of attorney's fees awarded. C.D. Cal. L.R. 17-1.4 ("In all actions involving the claim of a minor . . . , whether resolved by settlement or judgment after trial, the Court shall fix the amount of attorney's fees."); *Prof'l Programs Grp. v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) ("Local rules have the 'force of law' and are binding upon the parties and upon the court, and a departure from local rules that affects 'substantive rights' requires reversal.").[2]

[1] Zalan Antal, guardian ad litem for Minor M.A., appeared and testified remotely via zoom with prior permission from the Court.

[2] In *Robidoux*, the Ninth Circuit instructed that, "[i]f the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as presented, regardless of the amount the parties agree to designate for adult co-plaintiffs or plaintiffs' counsel." *Robidoux*, 638 F.3d at 1182. "[S]ome courts have read *Robidoux* to suggest

Additionally, California law requires courts to approve the attorneys' fees to be paid for representation of a minor. *See* Cal. Prob. Code § 2601; Cal. Rule of Ct. 7.955. Under California Rule of Court 7.955, the Court "must use a reasonable fee standard when approving and allowing the amount of attorney's fees payable from money or property paid or to be paid for the benefit of a minor." Cal. R. Ct. 7.955(a)(1). The Court must "give consideration to the terms of any representation agreement made between the attorney and the representative of the minor . . . and must evaluate the agreement based on the facts and circumstances existing at the time the agreement was made." Cal. R. Ct. 7.955(a)(2).

Pursuant to Local Rule 17-1.4, the Court applies California law to review the reasonableness of Plaintiff's counsel's fee request. *See, e.g.*, *Mugglebee v. Allstate Ins. Co.*, No. 14-CV-2474 JLS (JMA), 2018 WL 1410718, at *4 (S.D. Cal. Mar. 21, 2018) (applying California law to determine reasonableness of attorney's fees sought by minor plaintiff's counsel).

[redacted]

The Court further reviews the factors in California Rule of Court 7.955(b), the Petition materials, and Plaintiffs' counsel's representations at the hearing, and determines that the proposed fee of [redacted] is warranted based on multiple factors.

---

courts should not evaluate the reasonableness of attorneys' fees provisions in proposed settlement agreements of minors' claims." *See M.A.L. v. City of Fontana*, No. ED 15-CV-00940-VAP (SPx), 2019 WL 13032400, at *7 (C.D. Cal. Jan. 7, 2019) (collecting cases). [redacted]

a. *The amount of the fee in proportion to the value of the services performed (2) and time and labor required (8).*

[redacted]

b. *The amount involved and results obtained (4).*

As discussed, the results obtained appear fair and reasonable given the nature of the claims and severity of harm to claimants. *See supra* Section III.A.

[redacted]

[redacted] This weighs in favor of granting the requested fee amount.

d. *The novelty and difficulty of the questions involved and the skill required to perform the legal services properly (3).*

The Complaint asserts numerous federal and state law claims brought on behalf of four minors and six foreign plaintiffs. *See Compl.*; *see also Pet.* 6. Plaintiffs were represented by two firms: Lockyer Law LLC and Thigpen Legal, P.C. *Pet.* 7. Plaintiffs' counsel Jordana Thigpen asserts she has "achieved over $300 million in verdicts and settlements

for her clients," *Thigpen Decl.* ¶ 8, and Plaintiffs' counsel Benjamin Lockyer attests to having "appeared as counsel in over 100 matters in state and federal court," *Lockyer Decl.* ¶ 5. [redacted] The claims and defenses in this case required knowledge and skill to litigate, which tips in favor of granting the request.

For the foregoing reasons, the Court approves the requested attorneys' fees.

C. Settlement Funds

Local Rule 17-1.5 requires that "[a]ll monies or property recovered on behalf of a minor . . . , either by settlement or judgment, shall be paid into the registry of the Court unless otherwise ordered by the Court." C.D. Cal. L.R. 17-1.5.

Here, the Petition proposes [redacted] This is consistent with typical practice to deposit funds for a minor's benefit into a blocked account. *See A.A. by & through Lopez v. City of Sunnyvale*, No. 24-CV-09312-VKD, 2025 WL 3034319, at *2 (N.D. Cal. Oct. 30, 2025) ("Courts typically order settlement funds to be deposited into a blocked account for the minor's benefit."). Pursuant to the Court's findings at the hearing, the Court is satisfied that transferring the settlement funds as follows is in the best interest of the Minors: [redacted] Accordingly, the Court **GRANTS** the proposed distribution of payment.

IV. Conclusion

For the foregoing reasons, the Court **ORDERS** the following:

1. The Petition of Nicolitsa Pitsos, as Guardian ad Litem of D.P., a minor, and Zalán Antal, as Guardian ad Litem of M.A., a minor, for approval of the Minor's Compromise (Dkt. # 131) is **GRANTED**;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-05547-MWC-E Date: August 31, 2026

Title: Shemar DaCosta *et al* v. Yeezy LLC *et al*

[redacted]

3. As to Minor D.P., the Court **ORDERS** in the separate Order to Deposit Funds in Blocked Account (Dkt. # 142-1) that funds for the benefit of Minor D.P. are to be deposited into the specific account described in that separate Order, in the amount of [redacted] **within ten (10) days of entry of this Order.**

4. As to Minor M.A., pursuant to General Order No. 16-04 and as ordered in the separate Order re: Blocked Accounts (Dkt. # 142-2) the Court **ORDERS** funds to be paid for the benefit of Minor M.A. to Plaintiff's Counsel, Thigpen Legal, P.C., **within ten (10) days of entry of this Order.** Counsel shall immediately cause the deposit of the funds into the United States District Court for the benefit of Minor M.A., in the amount of [redacted].

5. Within thirty (30) days prior to the date that M.A. reaches the age of majority, Plaintiffs' Counsel may apply to the Court for an Order directing the Fiscal Department of the Department of Financial Services to release the funds to "Thigpen Legal, P.C. Client Trust Account," which shall thereafter immediately convey the funds to Plaintiff M.A. and confirm such disbursement by filing a notice of compliance with the Court.

6. The Court approves the payment of [redacted] in attorneys' fees and [redacted] to Lockyer Law LLC for a total of [redacted]; and [redacted] to Thigpen Legal P.C.

In light of the Court's approval of the minors' compromise, the Court sets an Order to Show Cause hearing re dismissal following settlement for **October 2, 2026**, at 1:30 p.m. in Courtroom 6A.

**IT IS SO ORDERED.**

:

**Initials of Preparer** TJ